In the Matter of the Claim of FRANK MARTIN, Appellant, against RUDOLPH WURLITZER Co., Employer and Self-Insurer, Respondent.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 6, 1937.

*Babcock, Sullivan & Weaver* [*Philip A. Sullivan* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Roy Wiedersum, Assistant Attorney-General,* of counsel], for the State Industrial Board, respondent.

BLISS, J. The claimant suffered a 100 per cent loss of vision of the left eye as a result of an industrial accident occurring on February 4, 1916. On July 9, 1930, he suffered an accidental injury to his right eye which ultimately resulted in a 100 per cent permanent loss of vision of this eye. He filed no claim for compensation under the second accident until more than two years thereafter, in January, 1933. Claimant now seeks the " special additional compensation " mentioned in subdivision 8 of section 15 of the Workmen's Compensation Law for the period of total disability after the cessation of the payments for the schedule loss of the second eye. He

urges that this special additional compensation is not in fact compensation which requires the filing of a notice of claim therefor and that an award of benefits payable from the special fund created under this subdivision is not dependent upon an award for the loss of the second member. Appellant contends that such an award would be one of special statutory benefits payable out of a special fund, the payment of which is in no sense dependent upon notice of the second accident having been given and the award of the schedule loss. The State Industrial Board held to the contrary and disallowed the claim on the ground that the claim for compensation under the second accident was not filed within two years as required by the provisions of section 28 of the Workmen's Compensation Law. The State Industrial Board also held that this claim for special additional compensation was a claim for compensation for injuries resulting from the second accident and, therefore, subject to the requirements of section 28 as to the filing of the claim.

Section 28 provides that the right to claim compensation under the Workmen's Compensation Law shall be barred unless within one year after the accident a claim for compensation shall be filed with the Commissioner. The Board may, however, by unanimous vote of the members qualified to act permit the filing of a claim for compensation after the expiration of one year from the date of the accident, but not exceeding two years after the date of such accident, when it shall find that such filing is in the interest of justice. There is no statutory provision permitting the filing of a claim for compensation more than two years after the date of the accident. "Compensation" under the law is defined as the money allowance payable to an employee. (Workmen's Comp. Law, § 2, subd. 6.)

Subdivision 8 of section 15 provides: " If an employee who has previously incurred permanent partial disability through the loss of one hand, one arm, one foot, one leg, or one eye, incurs permanent total disability through the loss of another member or organ, he shall be paid, in addition to the compensation for permanent partial disability provided in this section and after the cessation of the payments for the prescribed period of weeks special additional compensation during the continuance of such total disability to the amount of sixty-six and two-thirds per centum of the average weekly wage earned by him at the time the total permanent disability was incurred. * * * Such additional compensation shall be paid out of a special fund created for such purpose in the following manner: The employer, or if insured, his insurance carrier, shall pay into such special fund for every case of injury causing death in which there are no persons entitled to compensation the sum of five hundred dollars. The commissioner of taxation and finance

shall be the custodian of this special fund, and the commissioner shall direct the distribution thereof."

It is to be noted that this subdivision refers to the payments to be made to an employee from the special fund as " special additional compensation " and that such payments are to be made " in addition to the compensation for permanent partial disability " provided in section 15. Another evidence that the special additional compensation mentioned in this section was intended by the Legislature as a complement to the schedule compensation payable because of the second accident is found in the provision that such special additional compensation must be computed upon the basis of the employee's average weekly wage earned by him " at the time the total permanent disability was incurred."

To become entitled to this special compensation an employee must establish his claim to compensation for the second permanent partial disability provided in section 15 and also show that he has previously incurred another permanent partial disability through the loss of one hand, one arm, one foot, one leg or one eye. When the employee has thus shown his right to compensation for permanent partial disability as the result of the second disablement, plus the first schedule loss, he then becomes entitled to the special additional compensation. The special additional compensation does not become payable until after the cessation of the payments for the prescribed period of weeks which the statute allows for the loss of the second member. A fair reading of the statute requires the filing of a claim for compensation under the second disablement within the statutory time.

It is true that this court in *State Treasurer* v. *West Side Trucking Co.* (198 App. Div. 432) referred to the payments made by the employer and insurance carrier into the special fund from which the special additional compensation is payable, as not being awards of compensation. We reaffirm such language. Such payments are made into the special fund in lieu of an award of compensation. This is in accordance with the language of the latter part of subdivision 8. There is nothing in such language which in any way changes the nature of the payments to an injured employee who shows himself entitled to the " special additional compensation " mentioned in the first sentence of this subdivision. Such payments are compensation within the meaning of the law and may not be made without the filing of a claim therefor within the time limited by the statute.

The decision should be affirmed.

HILL, P. J., RHODES, McNAMEE and CRAPSER, JJ., concur.

Decision affirmed.