In the Matter of the Claim of the COMMISSIONER OF TAXATION AND FINANCE Arising Out of the Death of GEORGE S. HOLBLOCK, Deceased, Respondent, against RIGER BUILDING CORPORATION and THE TRAVELERS INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, September 18, 1940.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Roy Wiedersum* and *Isaac Frank, Assistant Attorneys-General*, of counsel], for the respondent State Industrial Board.

HEFFERNAN, J. The Riger Building Corporation and its insurance carrier, The Travelers Insurance Company, have appealed from an award of the State Industrial Board directing them to pay to the Industrial Commissioner the sum of $1,300 for the benefit of three Special Funds created by the provisions of subdivisions 8 and 9 of section 15 and section 25-a of the Workmen's Compensation Law.

The controversy arose out of the death of George S. Holblock. The latter was employed by The Montell Construction Company as a laborer and it is conceded that on October 19, 1935, while he was engaged in the regular course of his employment, he sustained accidental injuries which resulted in his death a few days later. He left no survivor entitled to compensation under the Workmen's Compensation Law.

The decedent's employer, although it and its employees were engaged in a hazardous employment, failed to secure compensation for its employees in accordance with the provisions of the statute. The employer, however, was a subcontractor for a portion of a contract undertaken by appellant Riger Building Corporation, the subject of which involved hazardous employment. The latter corporation had secured compensation for its employees under the Workmen's Compensation Law with appellant The Travelers Insurance Company.

Acting under the provisions of section 56 of the Workmen's Compensation Law, the Industrial Board made its award of $1,300 against the non-insured employer and appellants, to the Special Funds, apportioned as follows: $500 to the special fund which makes provision for additional compensation under certain circumstances specified in subdivision 8 of section 15; $500 to the

rehabilitation fund.referred to in subdivision 9 of the same section; and $300 to the fund for reopened cases under section 25-a of the statute.

In creating these funds the Legislature has used similar language. In each instance the statute, in effect, provides: " The employer, or, if insured, his insurance carrier shall pay into such fund for every case of injury causing death for which there are no persons entitled to compensation the sum of   *   *   *."

Section 56 of the statute under which the Industrial Board acted in making the award provides that a contractor, the subject of whose contract involves a hazardous employment, who sub-contracts all or any part of such contract " shall be liable for and shall pay compensation to any employee injured whose injury arises out of and in the course of such hazardous employment," unless the subcontractor primarily liable therefor has secured compensation for such employee, and it further provides that any contractor, or his insurance carrier, who shall become liable for the payment of compensation to any employee or the dependents of a deceased employee of his subcontractor pursuant to provisions of the section may recover the amount of such compensation paid or for which liability is incurred from the subcontractor primarily liable for such compensation to the injured employee or his dependents.

The only question presented for decision is whether or not appellants are liable for the amounts directed to be paid into the Special Funds. They contend that they are not because the deceased employee was not in the employ of appellant Riger Building Corporation, but was an employee of its subcontractor.

The question, so far as our research discloses, is one of first impression in the courts of this State. Manifestly in creating the Special Funds mentioned it was the intention of the Legislature to provide additional compensation to injured employees embraced therein. Payments into these funds must be regarded as payments of compensation. (*Phœnix Indemnity Co.* v. *Staten Island Rapid Transit R. Co.*, 251 N. Y. 127; *Sheehan Co.* v. *Shuler*, 265 U. S. 371; *Matter of Martin* v. *Wurlitzer Co.*, 249 App. Div. 321.)

While the primary purpose of the Workmen's Compensation Law is to require an employer to pay compensation to his injured employees or their dependents, it is also evident that in the circumstances outlined in the statutes an employee or his dependents may become entitled to additional compensation payable from these Special Funds. These funds are maintained by contributions of employers and carriers where death results to an employee from accidental injuries in the course of his employment and he leaves no dependents.

It is true, as urged by appellants, that a literal reading of section 56 of the statute gives color to the argument that a contractor is only required to pay compensation to an employee of a non-insured subcontractor. In construing this section it must be borne in mind that the Workmen's Compensation Law is classed as remedial legislation and that a spirit of liberality should characterize its interpretations. Manifestly this law was enacted for the purpose of minimizing human burdens and their equitable distribution. In the enactment of section 56 we must search for the legislative intent. The intention of the lawmakers is the law. That intention is to be gathered from the necessity or reason of the enactment and the meaning of the words, enlarged or restricted according to their intent. In construing a statute the courts are not confined to the literal meaning of the words. A thing within the intention is regarded within the statute though not within the letter. When the intention can be collected from the statute, words may be modified or altered so as to obviate all inconsistency with such intention. It seems to us that a literal construction of the statute before us leads to an absurd result. In the case before us, if decedent's employer had provided compensation for its employees, clearly it would be compelled to make payment into the Special Funds. If decedent had been injured, but not fatally, the appellants would have been absolutely liable for the payment of compensation because the subcontractor had failed to comply with the law.

It seems clear to us that it was not the legislative design in the enactment of this law to make the general contractor liable for only a portion of the primary liability imposed upon the subcontractor. We cannot escape the conviction that no such discrimination was intended. Although the section is, perhaps, somewhat inartificially drafted, we think the only reasonable conclusion is that the lawmakers intended to impose all liability which may be incurred by a non-insured employer subcontractor upon the general contractor including the obligation to make the payments in question into the Special Funds.

The award should be affirmed, with costs to the State Industrial Board.

HILL, P. J., BLISS, SCHENCK and FOSTER, JJ., concur.

Award affirmed, with costs to the State Industrial Board.