In the Matter of the Claim of the COMMISSIONER OF TAXATION AND FINANCE OF THE STATE OF NEW YORK, Respondent, against RIGER BUILDING CORPORATION et al., Appellants, Impleaded with Another.

STATE INDUSTRIAL BOARD, Respondent.

Argued February 25, 1941; decided April 17, 1941.

*William B. Davis* and *E. C. Sherwood* for appellants.

*John J. Bennett, Jr.*, Attorney-General (*Roy Wiedersum* and *Isaac Frank* of counsel), for State Industrial Board, respondent.

LEWIS, J.  George S. Holblock died as the result of accidental injuries which arose out of and in the course of his employment.  The question of law which this appeal presents rests upon four conceded facts: *First*, the decedent was survived by no person who was legally entitled to compensation as a result of his death; *second*, at the time of his fatal injuries the decedent was employed by a sub-contractor, the defendant Montell Construction Company — not by the general contractor, the defendant-appellant Riger Building Corporation, against which an award has been made; *third*, the subcontractor is a non-insured employer; *fourth*, the character of the decedent's employment was hazardous.  Upon these facts we are to determine whether the Workmen's Compensation Law (Cons. Laws, ch. 67) authorizes the award in suit which has been

made by the State Industrial Board and affirmed by the Appellate Division.

The award directs the general contractor and its insurance carrier to pay the total sum of thirteen hundred dollars into three statutory funds — the " Special Fund," the " Vocational Rehabilitation Fund," and the " Fund for Reopened Cases," which direction is made " pursuant to " sections 15 (subd. 8), 15 (subd. 9) and 25-a of the Workmen's Compensation Law respectively. Each of the three sections cited provides: " The *employer*, or if insured, his insurance carrier, shall pay into such [special] fund for every case of injury causing death in which there are no persons entitled to compensation, the sum of * * *." (Emphasis supplied.) But concededly the appellant general contractor was not the decedent's employer. The Industrial Board has found as a fact that his employer was Montell Construction Company, a non-insured subcontractor. That finding, viewed in the light of the sections cited and quoted above which govern payments to be made into the three designated special funds, supports the claim of the general contractor that the Industrial Board was without authority in law to require it, a non-employer, to make the payments directed by the award.

But we are told that authority for the award may be found in section 56 of the Workmen's Compensation Law (as it read prior to amendment by L. 1939, ch. 541), the material portion of which provides.

" § 56. Subcontractors. A contractor, the subject of whose contract is, involves or includes a hazardous employment, who subcontracts all or any part of such contract shall be liable for and shall pay compensation to any employee injured whose injury arises out of and in the course of such hazardous employment, unless the subcontractor primarily liable therefor has secured compensation for such employee so injured as provided in this chapter.

" Any contractor, or his insurance carrier, who shall become liable for the payment of compensation to any

employee or the dependents of a deceased employee of his subcontractor, pursuant to provisions of this section, may recover the amount of such compensation paid or for which liability is incurred from the subcontractor primarily liable for such compensation to the injured employee or his dependents. The claim for such recovery shall constitute a lien against any moneys due or to become due to the subcontractor from such general contractor. Such claim for recovery, however, shall not affect the right of the injured employee, or the dependents of a deceased employee, from recovering compensation due from the general contractor or his insurance carrier. * * *."

The requirement thereby placed upon the contractor is not to make payments into special funds. The statute goes no further than to direct that, in certain circumstances, the contractor shall pay " *compensation* to any employee injured whose injury arises out of and in the course of such hazardous employment * * *." The payments directed by the award here challenged, which are to be made *into* special funds, are, in the circumstances disclosed by the record at hand, in no sense payments of " *compensation* " to an employee. (See Workmen's Compensation Law, § 2 [subd. 6]; also *Matter of State Treasurer* v. *West Side Trucking Co.*, 198 App. Div. 432, 434; *Matter of Martin* v. *Wurlitzer Co.*, 249 App. Div. 321, 323.)

The order of the Appellate Division should be reversed, the award of the State Industrial Board vacated as to the appellants, and the claim for death benefits against appellants should be dismissed, with costs in this court and in the Appellate Division against the State Industrial Board.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.