■ In the Matter of the Claim of FRED PENN, Respondent, v. BLACK RIVER VALLEY CLUB et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board denying the carrier a refund from the Aggregate Trust Fund pursuant to subdivision 4 of section 27 of the Workmen's Compensation Law. Claimant sustained an accident on October 1, 1951. Awards for lost time and medical expenses were paid. Subsequently the board found claimant to be permanently and totally disabled and directed the carrier to pay, as of March 18, 1960, the sum of $23,928.03 into the Aggregate Trust Fund. This the carrier also did. Thereafter the Aggregate Trust Fund paid, from March 18, 1960 to April 4, 1962 on which day claimant died, roughly $3,413.33 in compensation benefits from the money on deposit. After claimant's death a new case was instituted for death benefits as a result of which a finding of causal relation between death and the accident of October 1, 1951 was made and payments directed of $400 to an undertaker for funeral expenses, $500 to the Vocational Rehabilitation Fund pursuant to subdivision 9 of section 15 of the Workmen's Compensation Law and $1,500

to the Special Fund for Reopened Cases pursuant to subdivision 3 of section 25-a of the Workmen's Compensation Law. These payments were also made. On October 4, 1962 the appellants made a written application to the chairman of the board for a direction that the Aggregate Trust Fund refund to the carrier pursuant to subdivision 4 of section 27 of the Workmen's Compensation Law the difference between the amount paid into such fund and the sum actually disbursed therefrom prior to claimant's demise plus interest on such difference at 3% per annum. This appeal is taken from a denial of this application. Subdivision 4 of section 27 provides in pertinent part as follows: "In the case of an accident occurring on or subsequent to July first, nineteen hundred thirty, where the present value of an award for permanent total or permanent partial disability other than award for a definite number of weeks has been paid into the aggregate trust fund, if an award is made for death resulting from the injury causing the said disability, the employer or insurance carrier which paid the present value of said disability award into such fund shall be entitled to the difference between the amount paid into such fund and the sum disbursed from such fund to the injured employee prior to his death, plus simple interest on such difference at three per centum per annum." The board held that the payments directed to be made pursuant to sections 15 and 25-a did not "constitute awards as described by sec. 27:4 and hence, the carrier is not entitled to any refund from the Aggregate Trust Fund." We agree. The mere fact that the payments ordered by the board were denominated "awards" does not *ipso facto* constitute such payments as "awards" within the meaning of subdivision 4 of section 27 (see *Commissioner of Taxation* v. *Riger Bldg. Corp.*, 285 N. Y. 217). We conceive the purport of this section to be solely to relieve the carrier from the possible dual liability for the payment of a lump sum for disability to the Aggregate Trust Fund and then for death benefits to decedent's dependents if the employee suddenly dies and his death be found to be causally related to his disability. Payments of the type here involved, especially undertaking expenses, would be involved in all cases. Thus when it is noted that the Aggregate Trust Fund is an "indivisible" fund and established on an actuarial basis, it is inconceivable that the Legislature could have intended the instant payments to constitute an "award" as that term is utilized in subdivision 4. The deleterious effect on the Fund would be obvious. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.