In the Matter of the Claim of SALVATORE LEONBRUNO, Respondent, against CHAMPLAIN SILK MILLS et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — when injury to one employee by act of another arises "out of and in the course of employment."**

Where claimant while engaged in the performance of his duties in his employer's factory was struck in an eye by an apple which one of his fellow-servants, a boy, threw at another boy, in consequence of which claimant lost the better part of the sight of the eye, he is entitled to an award under the Workmen's Compensation Law (Cons. Laws, chap. 67, § 3, subd. 7). The accident was one "arising out of and in the course of employment" within the meaning of the statute, since the claimant was injured not merely while he was in a factory, but because he was in a factory, in touch with associations and conditions inseparable from factory life, and the risks of such associations and conditions were risks of the employment.

*Matter of Leonbruno* v. *Champlain Silk Mills,* 192 App. Div. 858, affirmed.

(Argued October 1, 1920; decided October 19, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department,

entered July 20, 1920, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*Jeremiah F. Connor* for appellants: The injuries did not arise out of the employment. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Coronada Beach Co.* v. *Pillsbury*, 158 Pac. Rep. 212; *De Fillipis* v. *Faulkenberg*, 170 App. Div. 153; 219 N. Y. 581; *Armitage* v. *L. & Y. Ry. Co.*, 86 L. T. 883; *Falconer* v. *L. & G. Eng. Co.*, 38 S. L. R. 381; *Fitzgerald* v. *Clarke & Son*, 1908, 2 K. B. 796; *Wrigley* v. *Nasmuth, Wilson & Co.*, 6 B. W. C. C. 90; *Cole* v. *Evans' Son L. & W., Ltd.*, 4 B. W. C. C. 138; *Wilson* v. *Laing*, 2 B. W. C. C. 118; *Shaw* v. *Wigan C. & I. Co.*, 3 B. W. C. C. 81.)

*Charles D. Newton*, Attorney-General (*E. C. Aiken* of counsel), for respondent. The accident is covered by the Compensation Law. (*Carbone* v. *Loft*, 174 App. Div. 901; 219 N. Y. 579; *Markell* v. *G. F. Shoe Co.*, 175 App. Div. 958; 221 N. Y. 493; *Verschleiser* v. *Stern & Sons*, 229 N. Y. 192.)

CARDOZO, J. The claimant while engaged in the performance of his duties in the employer's factory was struck by an apple which one of his fellow-servants, a boy, was throwing in sport at another, and as a consequence lost the better part of the sight of one eye. He did not participate in the horse-play, and had no knowledge of it till injured. The question is whether the accident was one " arising out of and in the course of employment," within the meaning of the statute (Workmen's Compensation Law, sec. 3, subd. 7; Consol. Laws, chap. 67).

That it arose " in the course of employment " is unquestioned. That it arose " out of " employment, we now hold. The claimant's presence in a factory in association with other workmen involved exposure to the risk of

injury from the careless acts of those about him. He was brought by the conditions of his work " within the zone of special danger " (*Thom* v. *Sinclair*, 1917 A. C. 127, 142). Whatever men and boys will do, when gathered together in such surroundings, at all events if it is something reasonably to be expected, was one of the perils of his service. We think with KALISCH, J., in *Hulley* v. *Moosbrugger* (87 N. J. Law, 103), that it was " but natural to expect them to deport themselves as young men and boys, replete with the activities of life and health. For workmen of that age or even of maturer years to indulge in a moment's diversion from work to joke with or play a prank upon a fellow workman, is a matter of common knowledge to every one who employs labor." The claimant was injured, not merely while he was in a factory, but because he was in a factory, in touch with associations and conditions inseparable from factory life. The risks of such associations and conditions were risks of the employment (*Thom* v. *Sinclair, supra; Matter of Redner* v. *Faber & Son*, 223 N. Y. 379).

We think the precedents in this state, whatever variance of view there may be in other jurisdictions, sustain our present ruling. This case is not within the principle of *Matter of DeFilippis* v. *Falkenberg* (219 N. Y. 581), and *Matter of Stillwagon* v. *Callan Brothers* (224 N. Y. 714), where the claimant, joining in the horse-play, had stepped aside from the employment (*Cf. Matter of DiSalvio* v. *Menihan Co.*, 225 N. Y. 123). This case is rather within the principle of *Matter of Verschleiser* v. *Stern & Son* (229 N. Y. 192) where the claimant, while engaged in his work, was assaulted by fellow-workmen, who wished to tease and harass him (*Cf. Markell* v. *Green Felt Shoe Co.*, 221 N. Y. 493; *Matter of Heitz* v. *Ruppert*, 218 N. Y. 148). We do not overlook the cases in other jurisdictions. *Hulley* v. *Moosbrugger* (*supra*) was reversed by the New Jersey Court of Errors and Appeals in 88 N. J. L. 161. It is in accord, however, with a decision

of the Supreme Court of Illinois (*Pekin Cooperage Co. v. Industrial Board,* 277 Ill. 53). English cases hostile to the award (*Armitage* v. *Lancashire & Yorkshire Ry. Co.,* 1902, 2 K. B. 178; *Fitzgerald* v. *Clarke & Son,* 1908, 2 K. B. 796) are inconsistent, it would seem, in principle with later rulings of the House of Lords (*Thom* v. *Sinclair, supra; Dennis* v. *White & Co.,* 1917, A. C. 479. *Cf. Matter of Redner* v. *Faber & Son, supra,* and *Matter of Grieb* v. *Hammerle,* 222 N. Y. 382). They are certainly inconsistent with the broader conception of employment and its incidents to which this court is now committed (*Matter of Verschleiser* v. *Stern & Son, supra*). The risks of injury incurred in the crowded contacts of the factory through the acts of fellow-workmen, are not measured by the tendency of such acts to serve the master's business. Many things that have no such tendency are done by workmen every day. The test of liability under the statute is not the master's dereliction, whether his own or that of his representatives acting within the scope of their authority. The test of liability is the relation of the service to the injury, of the employment to the risk.

The order should be affirmed with costs.

HISCOCK, Ch. J., CHASE, HOGAN, POUND, CRANE and ELKUS, JJ., concur.

Order affirmed.