Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of WILLIAM GEORGE KNOCKS, Respondent, for Compensation under the Workmen's Compensation Law, *v.* METAL PACKAGE CORPORATION, Employer, and AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 18, 1920.

**Workmen's Compensation Law — injury not arising out of and in course of employment — employee in altercation brought on by himself struck by foreman.**

An employee is not entitled to an award where in an altercation with his foreman in reference to his work he calls the foreman a " liar " and the foreman strikes him in the eye causing the loss thereof, since he

provoked, instigated and procured the assault, and, therefore, was neither injured by his employment nor within his employment when injured.

JOHN M. KELLOGG, P. J., and COCHRANE, J., dissent.

APPEAL by the defendants, Metal Package Corporation and another, from an award, order and decision of the State Industrial Commission, made on the 19th day of September, 1919, which award allowed the claimant compensation at the rate of eleven dollars and fifty-four cents per week for a period of fourteen weeks, and the case continued.

*Jeremiah F. Connor,* for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

The claimant was employed as an oiler in a factory of his employer to oil its machinery. One of the machines was running defectively because of an over supply of oil. The claimant testified that his foreman accused him of putting too much oil on the machine, and then frankly stated: " I called him a liar. He looked up to see if anyone was looking and he hit me three times, first in the eye and in the jaw." He again testified: " Q. What did you call Mr. Smith? A. A liar. Q. What kind of a liar? A. Just a liar when he accused me of breaking the die." The foreman testified that he called the claimant over to the machine and showed him that excessive oiling had the effect of causing it to slip; that the claimant then complained that he had been accused previously of breaking another machine; that thereupon this conversation occurred: " I said certainly you broke it. He said: ' Mr. Smith if you say I broke it you are a God damn liar,' with that he had an oil can with a spout that long [indicating], he held it in his right hand. He made a movement and as it looked to me, intended to strike me with the oil can." The foreman further testified that he then threw up his hands and struck the claimant in self-defense. The witness Nicholl testified that the foreman told the claimant that he put too much oil on the machine; that he was to blame because he was the man who oiled it; that the subject of a similar trouble with

a machine a few days previously was then brought up. She then gave this testimony: " Mr. Smith said: ' Now that you brought this subject up, you were the one who handled the machine and it was your fault,' so he called Mr. Smith a G. D. liar and wanted to hit Mr. Smith with the oil can; he had the oil can pointing towards Mr. Smith's face and Mr. Smith, to protect himself, it went against his face." The claimant was injured by the action of his foreman, and has had an award as for an accidental injury arising out of and in the course of his employment.

The claimant argues that words will not justify an assault; that the foreman struck the first blow; that the foreman, not claimant, was, therefore, the aggressor. That argument addressed to a jury in an assault action brought by claimant against the foreman would doubtless call for a verdict in favor of claimant. It has no force here where the claim laid is against an employer, duties to whom owed by both the claimant and the foreman may have been violated by both. The sole question is whether the claimant was injured by an accident arising out of and in the course of his employment. If claimant can be said to have instigated the altercation, then the resulting assault proceeded from a risk not originated by or arising out of the employment. Moreover, in provoking the assault, if so he did, the claimant performed no duty for his master, but on the contrary deserted that duty for personal ends, and thereby stepped out of his employment. In *Griffin* v. *Roberson & Son* (176 App. Div. 6) an employee named Griffin kicked his fellow-servant, Cartwright, who retaliated by shoving Griffin against a box over which he fell, receiving injuries from which he died. A claim made for his death was dismissed by this court with an opinion written by Mr. Justice COCHRANE in which it was said: " When Griffin lost his temper and assaulted Cartwright, he was not promoting or enhancing in any legitimate sense the interest of his employer, but he stepped outside the scope and sphere of his employment to serve a personal mental condition. * * * The injury was not a peril of the service, nor reasonably incidental thereto. It arose wholly from a voluntary act of Griffin entirely unnecessary, and not in the protection or advancement of the master's interest, nor connected therewith.

It was nothing more or less than the gratification of his personal feeling of animosity.   *   *   *   This seems to have been clearly an injury which did not arise ' out of ' the employment. It was rather *outside* of the employment, and one which grew out of a situation inaugurated by the injured employee himself for his individual purpose." In *Matter of Verschleiser* v. *Stern & Son* (229 N. Y. 192) a fellow-servant of the claimant in fun dropped a piece of flesh down the claimant's neck when his back was turned. The claimant turned around and struck another fellow-servant, supposing him to have been his tormentor. The man assaulted then kicked the claimant, causing him serious injuries. Notwithstanding the fact that as between the two employees the law of assault would have pronounced the claimant " the aggressor," an award to claimant was sustained. In the course of its opinion the court referred with approval to the decision in the *Griffin* case, and to the words of Mr. Justice COCHRANE contained in his opinion therein, and, among other things, said: " If the servant had left his employment and was willfully pursuing designs of his own he would not be entitled to compensation. The man who initiates an assault is doing a willful thing, but this cannot be said of the man who, surprised by physical assault or insult, reacts and in self-protection strikes another." In *Matter of Leonbruno* v. *Champlain Silk Mills* (229 N. Y. 470) Judge CARDOZO said: " The test of liability under the statute is not the master's dereliction, whether his own or that of his representatives acting within the scope of their authority. The test of liability is the relation of the service to the injury, of the employment to the risk." In our case the claimant called his foreman " a liar " while the foreman, acting in t e line of his duty, was merely giving the claimant needed instructions. It was a word of insubordination spoken in injury of his master's business and destructive of his master's proper discipline. In speaking it the claimant created a risk not before existing, and thereby drew down upon himself precisely that which he should have expected. He thereby voiced his own personal animus, and did not intend to further the service of his employer. Even in the law of assault the action of claimant in thus speaking would be regarded as constituting provocation sufficient to mitigate damages. For these reasons I think that the claimant

provoked, instigated and procured the assault, and, therefore, was neither injured by his employment nor within his employment when injured.

The award should be reversed and the claim dismissed.

All concur, except JOHN M. KELLOGG, P. J., and COCHRANE, J., dissenting.

Award reversed and claim dismissed.