In the Matter of the Claim of FRED BLETKO, Respondent, against R. HOE & COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award unanimously affirmed, with costs to the State Industrial Board. Present — Van Kirk, P. J., Hinman, Davis, Whitmyer, and Hill, JJ.

In the Matter of the Claim of HENRY SCHAEFER, Respondent, against BUFFALO STEEL CAR COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.*— Award unanimously affirmed, with costs to the claimant against the employer and the insurance carrier. Present — Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ.

In the Matter of the Claim of MAX HUHN, Respondent, against GEHNRICH INDIRECT HEAT OVEN Co., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.†— Award affirmed, with costs to the State Industrial Board. Van Kirk, P. J., Davis, Whitmyer and Hill, JJ., concur; Hinman, J., dissents, on the ground that the second accident was not proximately connected with the previous accidental injury, for which the claimant was being medically treated, and that if claimant is to be considered as having been injured in a new accident arising out of and in the course of the employment, while on an errand to the doctor for such medical treatment during working hours, there is no finding that he was paid wages for the time consumed and that the employer directed claimant to go for a treatment during working hours at the employer's expense for some purpose found to be beneficial to the employer.

In the Matter of the Claim of JOSEPH STEPHENS, Respondent, against BEARD's ERIE BASIN, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Award unanimously affirmed, with costs to the State Industrial Board. Present — Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ.

In the Matter of the Claim of WELDON MILES, Respondent, against GIBBS & HILL, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.‡ — Award affirmed, with costs to the State Industrial Board. Davis, Whitmyer and Hill, JJ., concur; Van Kirk, P. J., and Hinman, J., dissent, on the ground that the act of claimant in striking the torpedo with his hammer, as he walked along the tracks, was not dictated or suggested by his employment or his employer's interests, since he was not in the employ of the railway, but was a mere sportive act on his part which alone was responsible for his injury which did not arise out of his employment. (Frost v. Franklin Mfg. Co., 204 App. Div. 700; affd., 236 N. Y. 649.)