In the Matter of the Claim of ALLEN MASON, Respondent, against NASSAU RIDING ACADEMY, Appellant, and STATE INSURANCE FUND. STATE INDUSTRIAL BOARD, Respondent.— On January 1, 1935, claimant sustained accidental injuries. The sole question presented is whether the accident arose out of the employment. Claimant was employed as a groom by his employer. On January 1, 1935, at about nine-thirty P. M. he was in the stable. His foreman, Riley applied for admittance and claimant complied with the request. Claimant partook of two drinks which the foreman offered him. He then became unconscious and has no recollection of anything which thereafter occurred until the following morning when he was awakened by a coemployee, who found claimant trussed to a cot with a harness around his neck. His left shoe was burned through and there were blisters on his foot caused by the application of burning matches. The employer concedes that the injuries which claimant sustained were caused by the acts of the foreman Riley. It contends, however, that such injuries were due solely to the intoxication of claimant. The Industrial Board found that the injuries were accidental and arose out of claimant's employment. The employer's report of injury states that claimant was injured in his regular occupation. The notice of commencement filed by the carrier declared that it make advance payments of compensation under section 25 of the Workmen's Compensation Law and the notice of cessation which it filed with the Industrial Board stated that payments of compensation had been made for the period of disability. At the first four hearings before the Industrial Board the representative of the employer and carrier repeatedly stated that the only questions were those of disability and rate. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Bliss and Heffernan, JJ., concur; Rhodes, J., dissents on the ground that claimant abandoned his employment by going to sleep, while drunk; McNamee, J., dissents, and votes to reverse the award and to dismiss the claim, on the ground that the claimant admitted unauthorized persons to the stable in violation of the instructions of the employer, and thereupon became a participant in a " New Year's frolic." In following this course, outside of his employment, he became inebriated to the point of unconsciousness. And solely by reason of intoxication he received the injuries of which he complains. Had claimant remained conscious, this injury could not have happened.