In the Matter of the Claims of Industrial Commissioner et al., and Ovile Siguin, as the Father of John Siguin, Deceased, Respondent, against Adrian McCarthy et al., Appellants. Industrial Commissioner et al., Respondents.

Argued June 13, 1946; decided July 23, 1946.

*Arthur J. Murphy* and *Gerald A. Gleason* for appellants.
I. The injury and death did not arise out of and in the course
of employment. (*Frost* v. *Franklin Mfg. Co.*, 204 App. Div.
700, 236 N. Y. 649; *Matter of Di Salvio* v. *Menihan Co.*, 225
N. Y. 123; *Matter of Scholtzhauer* v. *C. & L. Lunch Co.*, 233
N. Y. 12; *Matter of Verschleiser* v. *Stern & Son*, 229 N. Y.
192; *Matter of Saenger* v. *Locke*, 220 N. Y. 556; *Industrial
Commission of Ohio* v. *Bankes*, 127 Ohio St. 517; *Ackerman*
v. *Cardillo*, 140 F. 2d 348; *Mascika* v. *Connecticut Tool Engi-
neering Co.*, 109 Conn. 473; *Matter of Moore*, 225 Mass. 258;
*Hughes* v. *Tapley*, 206 Ark. 739; *Givens* v. *Travelers Ins. Co.*,

71 Ga. App. 50; *Rex-Pyramid Oil Co.* v. *Magan,* 287 Ky. 459; *Hill* v. *Liberty Motor & Eng. Corp.,* 45 A. 2d 467.) II. That horseplay, not authorized, induced or tolerated by the employer, had been engaged in previously, does not change the rule. (*Matter of Leonbruno* v. *Champlain Silk Mills,* 229 N. Y. 470; *Matter of Gifford* v. *Patterson, Inc.,* 222 N. Y. 4.) III. The award against the employer individually was improper and without foundation in law. (*Matter of State Treasurer* v. *W. S. T. Co.,* 198 App. Div. 432, 233 N. Y. 202; *Matter of Martin* v. *Wurlitzer Co.,* 249 App. Div. 321; *Commissioner of Taxation* v. *Riger Bldg. Corp.,* 285 N. Y. 217; *Edsall* v. *Edsall,* 179 App. Div. 481; *Matter of State Industrial Comm.* v. *Newman,* 222 N. Y. 363; *Phoenix Ind. Co.* v. *Staten Island R. T. Ry. Co.,* 251 N. Y. 127; *Matter of Dearborn Mfg. Corporation,* 92 F. 2d 417; *Matter of Sackolwitz* v. *Hamburg Co.,* 295 N. Y. 264; *Riggs* v. *Palmer,* 115 N. Y. 506.)

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum, Gilbert M. Landy* and *Emmeline E. Ferris* of counsel), for Workmen's Compensation Board, respondent. I. Ample evidence supported the finding of the Industrial Board that the death of the decedent was the result of an accidental injury arising out of and in the course of his employment. (*Matter of Bollard* v. *Engel,* 278 N. Y. 463; *Matter of Anthus* v. *Rail Joint Co.,* 193 App. Div. 571, 231 N. Y. 557; *Matter of Curley* v. *Greater New York Carpet House, Inc.,* 254 App. Div. 792; *Matter of Leonbruno* v. *Champlain Silk Mills,* 229 N. Y. 470; *Matter of Wickham* v. *Glenside Woolen Mills,* 252 N. Y. 11; *Schneider* v. *Masback Hardware Co.,* 260 App. Div. 823, 284 N. Y. 820; *Matter of Levy* v. *World-Telegram Corp.,* 259 App. Div. 943, 285 N. Y. 533; *Matter of Moscon* v. *Thomford,* 235 App. Div. 754, 260 N. Y. 578; *Emerick* v. *Dale's Motor Truck Service, Inc.,* 239 App. Div. 231; *Matter of Humphrey* v. *Tietzen & Steffin Milk Co.,* 235 App. Div. 470, 261 N. Y. 549; *Matter of Verschleiser* v. *Stern & Son,* 229 N. Y. 192; *Matter of Miles* v. *Gibbs & Hill, Inc.,* 250 N. Y. 590.) II. The double allowance was properly assessed against the employer-appellant. (*Matter of State Industrial Comm.* v. *Newman,* 222 N. Y. 363; *Matter of Gallahan* v. *Papec Machine Co.,* 288 N. Y. 726; *Matter of Patti* v. *Knickerbocker Fireproofing Co.,* 280 N. Y. 609; *Matter of Wyski* v. *Brewer Dry Dock Co:,* 251 App. Div. 769.)

FULD, J. For seven months prior to December 24, 1942, John Siguin, seventeen years old, had been employed as a waiter in appellant-employer's restaurant in Massena, New York. On that day, he was accidentally killed while working in the restaurant.

The primary question posed is whether Siguin's injury and consequent death arose " out of and in the course of the employment " within the meaning of the Workmen's Compensation Law. The Industrial Board — now the Workmen's Compensation Board — held that it did, and the Appellate Division unanimously affirmed.

During the time of Siguin's employment, it had been more or less customary and usual — and this was known to appellant-employer — that whenever two employees passed, each would " make a pass " — take a friendly tap or blow — at the other.

Upon the day in question, December 24, 1942, Siguin came into the kitchen, conversed in amicable fashion with Demers — another seventeen-year-old boy employed at the restaurant — and then, on leaving, made a pass at Demers. As Demers turned to avoid the blow, a knife which he held in his other hand accidentally struck Siguin in the left side, penetrated his heart and caused his death.

In the light of the record, it was but natural to expect appellant's employees to deport themselves — as boys and young men full of life and health — as they did. Indulgence in a moment's diversion — a moment spent making a friendly pass at a fellow employee — had long been part and parcel, an incident, of the employment. The risks thereby engendered were risks of the employment. There can no longer be any question — in this State, at least — that injuries resulting therefrom arise " out of * * * the employment " within the meaning of the Workmen's Compensation Law. (*Matter of Levy* v. *World-Telegram Corp.*, 285 N. Y. 533; *Matter of Leonbruno* v. *Champlain Silk Mills*, 229 N. Y. 470; *Matter of Verschleiser* v. *Stern & Son*, 229 N. Y. 192; *Matter of Markell* v. *Green Felt Shoe Co.*, 221 N. Y. 493; *Matter of Mason* v. *Nassau Riding Academy*, 250 App. Div. 802; *Matter of Donovan* v. *Bush Terminal Co.*, 255 App. Div. 737; *Matter of Heitz* v. *Ruppert*, 218 N. Y. 148.) We need do no more than repeat what Judge CARDOZO said in the *Leonbruno* case (*supra*), pp. 472, 473: " The claimant was injured, not

merely while he was in a factory, but because he was in a factory, in touch with associations and conditions inseparable from factory life. The risks of such associations and conditions were risks of the employment (*Thom* v. *Sinclair, supra; Matter of Redner* v. *Faber & Son,* 223 N. Y. 379).

\* \* \* \* \* \* \*

" \* \* \* The risks of injury incurred in the crowded contacts of the factory through the acts of fellow-workmen, are not measured by the tendency of such acts to serve the master's business. Many things that have no such tendency are done by workmen every day. \* \* \* The test of liability is the relation of the service to the injury, of the employment to the risk."

Nor can there be any doubt that the injury arose " in the course of the employment." The long-continuing custom and practice — to which we have called attention — strongly indicating as it does that there was no abandonment, serves to distinguish the present case from those wherein the instigator of a fight or the initiator of horseplay was held not entitled to compensation. (*Matter of Frost* v. *Franklin Manufacturing Co.,* 236 N. Y. 649, affg. 204 App. Div. 700; *Matter of Stillwagon* v. *Callan Bros.,* 224 N. Y. 714, affg. 183 App. Div. 141; *Griffin* v. *Roberson & Son,* 176 App. Div. 6.) In each of those cases, there was *a single isolated incident* which originated solely and entirely in the injured employee's own act; there was not — as here — a continued series of related and similar incidents participated in by all the employees. In view of that fact, Siguin can scarcely be said to have " instigated " and " initiated " the horseplay within the meaning of the above cases. Moreover, both the *Stillwagon* and *Griffin* cases involved fights actually commenced in anger and animosity so that — as the Appellate Division explicitly stated in the former case (183 App. Div., at pp. 144–145) — the injuries complained of fell within the statutory exception, being " occasioned \* \* \* by wilful intention of the injured employee to bring about the injury or death of himself or another." (Workmen's Compensation Law, § 10.)

Since Siguin's fatal injury arose " out of and in the course of " his employment, the determinations below upon this question were correct and the award against appellant-carrier should be affirmed.

The second question — raised only by appellant-employer, since he alone is affected — relates to the propriety of the award against him individually for the benefit of special funds under the Workmen's Compensation Law.

That award was made pursuant to section 14-a of the Workmen's Compensation Law, which provides, in part, that "compensation and death benefits * * * shall be double the amount otherwise payable if the injured employee at the time of the accident is a minor under eighteen years of age employed, permitted or suffered to work in violation of any provision of the labor law" and that the employer alone is to be liable for such increased compensation or death benefits. Concededly, Siguin was under eighteen, and — in violation of section 131 of the Labor Law — no work certificate had been filed for him.

Since Siguin left no dependents, each of the two awards — both that against appellant-employer or appellant-carrier and that against appellant-employer individually — included specified sums payable to the "Special Fund" under section 15, subdivision 8; to the "Vocational Rehabilitation Fund" under section 15, subdivision 9; and to the "Fund for Reopened Cases" under section 25-a of the law. These statutes provide, in effect, that "the employer, or if insured, his insurance carrier, shall pay into" the specified fund "for every case of injury causing death in which there are no persons entitled to compensation" a specified sum of money.

In our view, the award against appellant-employer individually cannot stand because payments to the special funds do not constitute "compensation and death benefits" within the meaning of section 14-a. Subdivision 6 of section 2 defines "compensation" as "the money allowance payable to an employee or to his dependents", and section 16 states that "If the injury causes death, the *compensation* shall be known as a *death benefit*". (Emphasis supplied.)

Although we have not previously passed upon the question whether payments to the statutory special funds constitute "compensation and death benefits" under section 14-a, the answer is clearly pointed by the decision in *Commissioner of Taxation* v. *Riger Bldg. Corp.* (285 N. Y. 217). There, the deceased — who had been employed in a hazardous occupation by an uninsured subcontractor — was not survived by any

person legally entitled to compensation. The pertinent statute — section 56 — provided that in such a case, the general contractor " shall be liable for and shall pay compensation to any employee injured " unless the subcontractor primarily liable has secured compensation. In vacating an award which — pursuant to that statute — directed the general contractor to pay certain sums to the three statutory special funds, the court held that such payments did not constitute " compensation." (See, also, *Matter of State Treasurer* v. *West Side Trucking Co.,* 198 App. Div. 432, affd. 233 N. Y. 202; *Matter of Martin* v. *Wurlitzer Co.,* 249 App. Div. 321.)

Additional support for our conclusion may be found in the very nature of the " double compensation and death benefits " payable under section 14-a. It has been repeatedly held that this increased payment is not punitive in character. (*Matter of Sackolwitz* v. *Hamburg & Co.,* 295 N. Y. 264; *Bogartz* v. *Astor,* 293 N. Y. 563; *Matter of Molnia* v. *Kaplan & Co.,* 293 N. Y. 700.) As this court very recently declared in the *Sackolwitz* case (*supra,* p. 267): " In *Bogartz* v. *Astor* (293 N. Y. 563), we held that the additional payment exacted by section 14-a is not a penalty but is, as the statute itself calls it, ' increased compensation.' Imposed at a higher rate, it differs in amount, but not in character, from the lesser compensation awarded to injured adult workers."

In short, then, none of the doubled payments except the $150 item for funeral expenses may be regarded as " compensation " or " death benefits " within the meaning of the statute. Accordingly, the Industrial Board and the Appellate Division erred in directing appellant-employer to pay to the special funds the amounts aggregating $2,000; as already indicated, however, the initial award made against appellant-employer or appellant-carrier is in all respects proper.

The order of the Appellate Division and the award of the Board should be modified by eliminating from the award the provision that appellant-employer Adrian McCarthy individually pay to the designated special funds sums aggregating $2,000, and, as so modified, affirmed, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and THACHER, JJ., concur; DYE, J., taking no part.

Ordered accordingly.