Appeal' by an employer from a decision and awards of death benefits made to claimant by the Workmen’s Compensation Board. Deceased was a sixteen-year-old boy. On the day of his initial employment by appellant *764 as a messenger boy, and while in the course thereof being shown over a route in the city and instructed by a fellow employee he met another fellow employee, one McGurk, who was on route and duty, and with whom voluntarily arranged fisticuffs ensued. In the encounter deceased sustained injuries which activated or aggravated an existing infirmity or infliction and caused his death. All three of the aforesaid employees were about the same age. The encounter took place on a public street and during the course of the employment. There was evidence that it was induced by McGurk’s braggadocio as to his pugilistic ability and challenge to deceased. The evidence compels no finding that the injury was occasioned by deceased’s willful intention to bring it about, or to inflict injury upon his adversary within the purview of the rule which denies compensation ' (Workmen’s Compensation Law, § 10), but rather, we think, it supports a finding that it was sufficiently related to the risks of the employment. This because, as a matter of fact, it may be said that the occurrence out of which it arose was a natural concomitant of the associations and conditions peculiar to and inseparable from such employment. (Matter of Leonbruno v. Champlain Silk Mills, 229 N. Y. 470.) Until shortly before the fight, the boys were unknown to each other. Their difference in opinion as to their relative physical powers, the rivalry it engendered and the desire for dominance and respect within the ranks of their fellow employees, may be said to have led to the contest rather than causes personal to them which emanated from conflicts unrelated to the employment, and these considerations, manifested by evidence, warranted the finding of a “ relation of the service to the injury ”. Decision and awards affirmed, with costs to the Workmen’s Compensation Board. All concur.