Brewster, J.
(dissenting). An employer and insurance carrier have appealed from a decision and award in favor of claimant which reversed a referee’s disallowance of the claim and made an award for permanent facial disfigurement.
While he was in the course of his employment, claimant playfully threw a small rubber object at a fellow employee then engaged in typewriting and, as he then ducked downward to avoid detection, he met with injury when his nose collided with the handle of a hand truck. The question is whether his accidental, injury arose out of his employment. In Matter of Leonbruno v. Champlain Silk Mills (229 N. Y. 470, 473) compensation to an employee was upheld for injury occasioned by the extra-employment antics of „a fellow employee, and in which claimant did not participate. The scope of the employment in its strict sense did not confine the test "of liability. Other conditions inseparable from the nature of the employment were weighed in relating the “ service to the injury * * In Matter of Industrial Comr. (Siguin) v. McCarthy (295 N. Y. 443, 447) the originator of a playful scuffle, sustained injury for which compensation was upheld, and proof of a custom and practice in the indulgence of the momentary diversion from the duties of the employment, which gave rise to the injury, was held to distinguish the case from those where compensation was denied in instances of “ a single * * * incident which originated solely and entirely in the injured employee’s own act * * In both of the above cases the occurrence which gave rise to the injury was a natural incident which arose from conditions inseparable from the employment and accordingly such were held to be risks connected therewith. In the instant case the prank played by claimant was wholly ex parte. The actual dynamics which produced the accidental injury were claimant’s own impulses and actions. While these were set in motion by claimant’s reaction to the stimulus afforded by the presence of the fellow employee — a condition inseparable from his employment — such a condition, I feel, may not be used to bring the facts of claimant’s injury within the doctrine of the foregoing cases. I am unable to agree that an extra-employment reaction to such a passive condition or situation of. the employment, as is here disclosed, so relates the service to the injury that the latter may be said to have arisen out of the employment,' and, therefore, consider that the decision and award appealed from should be reversed.
Hill, P. J., Heifernan and Bussell, JJ., concur in decision; Brewster, J., dissents in an opinion in which Foster, J., concurs.
Award affirmed, with costs to the Workmen’s Compensation Board.