In the Matter of the Claim of FRANK C. OGNIBENE, Respondent, against ROCHESTER MANUFACTURING COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued June 10, 1948; decided July 16, 1948.

*Morgan F. Bisselle* and *Warren C. Tucker* for appellants. The injury did not arise out of and in the course of employment but was solely the result of horseplay. (*Matter of DeFilippis* v. *Falkenberg,* 170 App. Div. 153, 219 N. Y. 581; *Matter of Griffin* v. *Roberson & Son,* 176 App. Div. 6; *Matter of Still-wagon* v. *Callan Bros., Inc.,* 183 App. Div. 141, 224 N. Y. 714; *Matter of Frost* v. *Franklin Mfg. Co.,* 204 App. Div. 700, 236 N. Y. 649; *Plouffe* v. *American Hard Rubber Co.,* 211 App. Div. 298; *Matter of Rauh* v. *Western Union Tel. Co.,* 259 App. Div. 770.)

*Nathaniel L. Goldstein, Attorney-General* (*Daniel Polansky* and *Roy Wiedersum* of counsel), for respondent. Claimant's accidental injuries arose out of and in the course of his employment. (*Matter of Industrial Comr.* [*Siguin*] v. *McCarthy,* 295 N. Y. 443; *Matter of Leonbruno* v. *Champlain Silk Mills,* 229 N. Y. 470; *Matter of Chanin* v. *Western Union Tel. Co.,* 271 App. Div. 763; *Matter of Levy* v. *World-Telegram,* 285 N. Y. 533; *Matter of Verschleiser* v. *Stern & Son,* 229 N. Y. 192; *Matter of Miles* v. *Gibbs & Hill, Inc.,* 250 N. Y. 590; *Matter of Heitz* v. *Ruppert,* 218 N. Y. 148; *Groppe* v. *J. C. Penney Co.,* 272 App. Div. 851; *Donovan* v. *Bush Terminal Co.,* 255 App. Div. 737.)

FULD, J. A decision of the Workmen's Compensation Board in claimant's favor has been affirmed — two justices dissenting — by the Appellate Division. The simple, yet at times abstruse, question for our determination is whether claimant suffered an injury " arising out of and in the course of " his employment (Workmen's Compensation Law, § 10).

Rochester Manufacturing Company is engaged in the manufacture of pressure and liquid level indicators and thermometers. Claimant, thirty-eight years old, was one of its stockroom clerks. While at work on a day in January, 1946, he playfully threw a small piece of rubber tubing at a fellow-employee who was busy typewriting and then, to escape detection and avoid being seen, ducked, bending low. In so doing, he struck his nose on the handle of a hand truck and sustained rather serious lacerations, which culminated in a permanent facial disfigurement.

Liberally though the Workmen's Compensation Law is to be construed (§ 21), the courts must give heed to its provisions that the injury arise not only " in the course of " but also " out of " the employment. Thus, an employee who initiates or instigates a particular bit of horseplay — constituting a purposeful interference with the person and having no sanction in ordinary conduct — is not entitled to the protection of the statute (see, e.g., *Matter of Gaurin* v. *Bagley & Sewall Co.*, 298 N. Y. 511, decided June 11, 1948; *Matter of Frost* v. *Franklin Mfg. Co.*, 236 N. Y. 649, affg. 204 App. Div. 700; *Matter of Stillwagon* v. *Callan Bros.*, 224 N. Y. 714, affg. 183 App. Div. 141), unless the prankish act has " long been part and parcel, an incident, of the employment." (*Matter of Industrial Comr.* [*Siguin*] v. *McCarthy*, 295 N. Y. 443, 446.) When recovery is allowed, it is upon the theory that the employee's conduct or activity, having been approved by " long-continuing custom and practice " (p. 447), becomes an incident of employment. Injury in such a case may fairly be regarded as " arising out of " that employment. As we clearly indicated in our opinion in the *McCarthy* case (*supra*), it is continuity of practice — conduct which has gained acceptance — that transforms an extra-employment caper into an incident of employment; injury occasioned to the prankster by an isolated bit of horseplay does not entitle the employee to the statute's benefits since it does not " arise out of " his employment. Different is the case of *Matter of Leonbruno* v. *Champlain Silk Mills* (229 N. Y. 470), cited in the dissenting opinion. There, as the court took pains to point out, the claimant " did not participate in the horse-play, and had no knowledge of it till injured " (p. 471); in other words, he was not the initiator of the injury-producing prank.

Perhaps, at some future time, new legislation may render industry responsible for all injuries sustained by employees upon the employer's premises during working hours; but, as the statute now stands, an injury is not compensable unless it is one " arising out of " as well as " in the course of " the employment.

We cannot say on the record before us whether claimant's act — which resulted in his injury — was a single, isolated act or one of a series of similar incidents generally participated in,

to the employer's knowledge, by employees, sufficient to regularize such conduct and stamp it as part and parcel of the employment. Accordingly, the matter should be remitted to the Workmen's Compensation Board so that further testimony may be taken on this subject.

The order of the Appellate Division and the award of the Workmen's Compensation Board should be reversed, with costs in this court and in the Appellate Division, and the claim remitted to the Workmen's Compensation Board for further proceedings not inconsistent with this opinion.

Desmond, J. (dissenting). Claimant, in the course of his work for his employer, was walking through a storeroom when he playfully tossed a small piece of rubber at a girl working nearby. Claimant then suffered an injury when, ducking his head so that the girl would not see him, he hit his face on the handle of a truck belonging to the employer and standing in the storeroom. I cannot agree that the inconsequential, sportive act of claimant, in tossing the piece of rubber, was such a complete deviation from his employment that he is barred from receiving workmen's compensation even though he was on an errand for his employer at the time, was in the employer's place of business and received his injuries from a piece of equipment belonging to his employer. No decided case goes so far as to dismiss such a claim. The case which should be followed here, I think, is *Matter of Miles* v. *Gibbs & Hill, Inc.* (225 App. Div. 839, affd. 250 N. Y. 590) where a railroad trackman seeing a torpedo on the rails, thoughtlessly hit the torpedo with his hammer, sustaining injuries for which he was allowed compensation. The cases where employees who engaged in horseplay or fighting were denied compensation, involved instances where the injured persons deliberately provoked fights or, in some other fashion, deliberately and substantially stepped out of their employments to engage in some activity unrelated to their work (see *Matter of Gaurin* v. *Bagley & Sewall Co.*, 298 N. Y. 511, decided June 11, 1948).

Nor can I agree that, to justify an award for injuries sustained from pranks or horseplay, it must be shown that the incident was one of a series, or pursuant to the custom in the particular place. The fact that such conduct is customary is one of the

reasons given in some cases, such as *Matter of Industrial Comr. (Siguin)* v. *McCarthy* (295 N. Y. 443), for the fact findings that injured claimants were still in the course of employment when hurt. However, it has never before been held that such proof of custom or accepted conduct was essential in order to make an award valid in such cases. Numerous awards have been upheld where no such test was made or suggested. The courts (see *Matter of Leonbruno* v. *Champlain Silk Mills,* 229 N. Y. 470, 472), without proof of the particular usages of any one factory or shop, realize, as does everyone else, that " a little nonsense now and then, is relished by the best of men ". To say that this claimant, by this trifling act of foolery, stepped completely out of his role of workman and became an aggressor in an encounter during which he was hurt, would be to magnify unfairly what was a most insignificant antic.

The order should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS and THACHER, JJ., concur with FULD, J.; DYE, J., concurs for reversal but votes to dismiss the claim; DESMOND, J., dissents in opinion; CONWAY, J., taking no part.

Order reversed, etc.