In the Matter of the Claim of JOSEPH GOETZ, Respondent, against BLEIMEIS-TER GRILL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by the employer and carrier from an award of compensation. The sole question is whether or not claimant was an employee of the appellant. There is evidence to the effect that claimant was a handy man around the establishment who brought up bottles, tapped beer, helped in the kitchen, waited on table and made himself generally useful for his board, lodging, laundry, clothing and a few dollars in cash now and then. The board was justified in finding that the relationship of employer and employee existed within the intent and meaning of the Workmen's Compensation Law. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Heffernan, J. P., Brewster, Deyo, Bergan and Coon, JJ.

■

In the Matter of the Claim of SAM ZELLER, Respondent, against WOHLFAHRT STUDIOS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and insurance carrier from an award of the Workmen's Compensation Board which allowed disability compensation to claimant. The sole issue upon this appeal is whether claimant's injuries and disability resulted from an accident which arose out of and in the course of his employment. The employer is engaged in the business of commercial photography. Claimant, a young man twenty-two years of age, was employed as a messenger and shipping clerk. His day's employment terminated at 5:30 P.M. On the day of the accident at about 5:00 P.M. claimant was upon the employer's premises with other employees. There was no work to be done immediately, and claimant and another employee, engaged in a friendly game characterized as " Chinese wrestling ", a type of hand pushing. While so engaged claimant slipped and injured his knee. There is evidence that there was no order or rule of the employer prohibiting such conduct, and there is evidence that one of claimant's bosses had seen similar play on previous occasions when there was no work to be done and had not forbade it. Under the circumstances here claimant's participation in this diversion may be reasonably regarded as an incident of the employment. The evidence sustains the board's finding that the injuries arose out of and in the course of claimant's employment. (*Matter of Industrial Comr. [Siguin]* v. *McCarthy,* 295 N. Y. 443.) Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Heffernan, J. P., Brewster, Deyo, Bergan and Coon, JJ.