In the Matter of the Claim of MARTHA PIATEK, Respondent, *v.* PLYMOUTH ROCK PROVISION COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 20, 1962.

*John H. Roberts* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*John J. Quinn* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Alexander A. Suess* for claimant-respondent.

COON, J. This is a so-called " horseplay " case in which appellants contend that decedent's injury and death did not arise out of and in the course of his employment. It is argued that decedent was the instigator of the horseplay, and hence his dependents are barred from compensation.

Decedent worked in a meat processing plant from midnight until 8:30 A.M., and was allowed 40 minutes as a " lunch break " at about 5:00 A.M. During the lunch break on December 24, 1958, while decedent was bending over, a coemployee applied the nozzle of a high pressure air hose to decedent's anus and momentarily released the pressured air. The result of this prank was a perforated bowel and finally death. That death

was the result of the intended playful prank is conceded. The fact that the incident occurred during the lunch break is of no significance, and appellants do not argue otherwise.

The board has found that decedent "had not initiated or instigated any horseplay", and that death "resulted from a prank incidental to the employment". We agree with appellants that there is no evidence in this meager record to sustain a finding that decedent had not initiated or instigated "*any*" horseplay, and there is no evidence that the use of the air hose for play or pranks was a common practice known to or sanctioned by the employer. Nevertheless, we do not agree that *Matter of Ognibene* v. *Rochester Mfg. Co.* (298 N. Y. 85), upon which appellants principally rely, is controlling here. Each case must be examined upon its own facts to determine the relationship of the injury to the employment.

The employer furnished this air pressure hose and kept it available to employees. It was normally used to clean the smoke-houses and smokepots. On the day of this occurrence decedent was using the air hose to clean his work shoes. While so engaged he playfully directed the air at a coemployee's stomach. This apparently resulted in no harm. Both employees were laughing. This episode apparently ended and decedent resumed other activities. The coemployee later "picked up" the air hose and applied the nozzle to decedent with fatal results. The record does not disclose that decedent was participating in any horseplay at that time, or that he participated in a dangerous way at any time.

This case comes within the rationale of such cases as *Matter of Leonbruno* v. *Champlain Silk Mills* (229 N. Y. 470); *Matter of Burns* v. *Merritt Eng. Co.* (302 N. Y. 131); *Matter of Johnson* v. *Loew's Inc.* (7 A D 2d 795, affd. without opinion 8 N Y 2d 757); and *Matter of Lang* v. *Franklin Ry. Supply Co.* (272 App. Div. 988, motion for leave to appeal denied 297 N. Y. 1036). It is entirely reasonable and natural that workers will indulge in momentary diversion to play a prank. When it is accomplished on the employer's premises, with a tempting instrumentality furnished by the employer and readily available, it becomes a risk of the employment and part and parcel of the employment.

Certainly the board could, and did, find as a fact that the injury was incidental to the employment. A realistic view of the evidence strongly supports such a finding. To deny compensation to decedent's widow and minor children when his death was indisputably the direct result of the conditions of his employment would be contrary to the whole purpose and spirit of the Workmen's Compensation Law.

The award should be affirmed, with costs to the Workmen's Compensation Board.

BERGAN, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.