In the Matter of the Claim of CHARLES R. EGGERTSSON, Appellant. ROCK INDUSTRIES, INC., Respondent. MARTIN P. ·CATHERWOOD, as Industrial Commissioner, Respondent.— REYNOLDS, J. Appeal from a decision of the Unemployment Insurance Appeal Board which determined that claimant voluntarily left his employment without good cause. The board has determined that the change in the terms of claimant's employment was not so substantial as to furnish good cause for claimant to terminate his employment. This decision is factual and thus if the board's decision is based on substantial evidence, it must be affirmed (*Matter of Emple* [*Catherwood*], 29 A D 2d 711). We cannot say as a matter of law that the board could not find on the instant record that claimant's primary reason for leaving employment was the assignment of additional accounting work, that such assignment did not constitute a substantial change in employment, that claimant's estimate as to the increased cost because of the change in employment conditions was " not borne out by the facts ", and that any increase in cost present could not be deemed to be substantial. We thus find no basis to disturb the board's determination and, accordingly, it must be affirmed. Decision affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.

 In the Matter of the Claim of PAUL E. GREISMAN, Respondent, v. NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal from a decision of the Workmen's Compensation Board, filed August 8, 1969, which granted claimant disability benefits for an injury to his left eye on the ground that it arose out of and in the course of his employment. Claimant, a junior engineer, returned from surveying duties at highway construction sites to the field office. After putting away his instruments, he approached a water fountain and joined several coemployees in a conversation regarding the origin of ethnic groups. He made a statement which offended a coemployee who retaliated with a highly inflammatory remark concerning claimant's ethnic background. Claimant then threw a half-filled cup of water at the coemployee who retaliated by throwing a pack of cards, striking claimant in the eye. There is substantial evidence in the record to support the board's finding that claimant's injury was a reasonable incident of his employment. The incident arose out of a conversation between workers during some idle moments near the end of the workday; a natural diversion for employees whose field assignments have been completed. The evidence indicates that the employees frequently engaged in such conversations at this time of day and warrants the conclusion that the altercation was sparked by an incident reasonably deemed a business occurrence. The connection between the accident and the claimant's employment is clear. (*Matter of Leonbruno* v. *Champlain Silk Mills*, 229 N. Y. 470; *Matter of Piatek* v. *Plymouth Rock Provision Co.*, 15 A D 2d 405; *Matter of Torres* v. *Triangle Handbag Mfg. Co.*, 13 A D 2d 559; *Matter of Burns* v. *Merritt Eng. Co.*, 276 App. Div. 802, affd. 302 N. Y. 131.) Decision affirmed, with one bill of costs to respondents filing briefs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum *Per Curiam*.