■ In the Matter of the Claim of MARK KOTLARICH, Appellant, v INCORPO-RATED VILLAGE OF GREENWOOD LAKE et al., Respondents. WORKERS' COMPENSA-TION BOARD, Respondent. — Appeal from a decision of the Workers' Compensa-tion Board, filed February 18, 1983. ¶ Claimant was employed as a part-time police officer by respondent Village of Greenwood Lake. On March 28, 1981, at about 10:30 A.M., he was on duty typing reports at the police station. Two off-duty patrolmen, Officers Ray Culver and Richard Sztyndor, dropped into the station to invite claimant to join them for breakfast. He agreed that he would do so after he finished his typing. The officers then began to tease claimant about the slowness of his typing. Claimant began to laugh so hard that he was unable to continue his work. He then turned in his swivel chair toward Officer Culver while simultaneously unfastening the safety strap which held his gun in his holster. In response to this action, Officer Culver drew his gun, which accidentally went off, firing a bullet through both of claimant's thighs. ¶ The board ultimately denied claimant's application for benefits on the ground, *inter alia,* that claimant's injury was the result of horseplay which he himself initiated by reaching for his gun. ¶ We affirm. The courts of this State have extended workers' compensation coverage to employees injured as the result of horseplay, but only in certain very limited circumstances. Thus, where the horseplay arose out of a regular and foreseeable feature of the employment (*Matter of Industrial Comr. v McCarthy,* 295 NY 443 [friendly jostling]; *Matter of Greisman v New York State Dept. of Transp.,* 33 AD2d 1086 [employees' discussions at the watercooler]), or where the claimants were the passive victims of a coemployee's prank (*Matter of Burns v Merritt Eng. Co.,* 302 NY 131; *Matter of Piatek v Plymouth Rock Provision Co.,* 15 AD2d 405), or were injured by a "tempting instrumentality" kept on the work premises by the employer (*Matter of Piatek v Plymouth Rock Provision Co., supra*), their injuries were held to be compensable. ¶ However, where the horseplay which caused the injury was precipitated by the claimant and was an "isolated act of foolery" which was not an accepted or foreseeable part of the employment (1A Larson, Workmen's Compensation Law, § 23.41), the claimant has been held not to be entitled to compensation on the theory that his injuries did not arise out of his employment (*Matter of Ognibene v Rochester Mfg. Co.,* 298 NY 85, 87). ¶ In the instant matter as outlined above, claimant precipitated the part of the horseplay which led to his injury by reaching for his gun and unfasten-ing the safety strap. This behavior clearly constituted an isolated event which was not a regular or foreseeable incident of his employment. Indeed, the chief of police testified before the board that departmental regulations prohibited the unnecessary display of weapons by police officers. Accordingly, the board could infer that claimant's conduct in purporting to draw his service revolver under the circumstances presented here was an obviously unauthorized and "isolated incident of foolery". We conclude that the record contains substantial evidence to support the board's determination that claimant's injuries were not the result of an accident which arose out of and in the course of his employ-ment. ¶ Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.