■ In the Matter of the Claim of MICHAEL LUBRANO, Respondent, v CHRISTOPHER MALINET, Doing Business as CHRIS' SERVICE CENTER, et al., Appellants. WORKERS' COMPENSATION

BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed September 13, 1983, which ruled that claimant's injury arose out of and in the course of his employment.

Claimant, a 16-year-old gasoline service station attendant, sustained multiple burns from an explosion which occurred when he threw a lighted match into a can containing a residue of gasoline, oil and grease. Apparently, no explosion occurred when this trick had been performed on previous occasions by another employee and claimant. The Board affirmed the decision of the administrative law judge holding that the injury, which occurred as a result of "cumulative horseplay", was compensable. The employer and its carrier have appealed.

Injuries resulting from horseplay have been held compensable in certain very limited circumstances, principally when the horseplay arose out of a regular and foreseeable feature of the employment (*Matter of Industrial Comr. v McCarthy,* 295 NY 443 [friendly jostling]; *Matter of Greisman v New York State Dept. of Transp.,* 33 AD2d 1086 [employee's discussion at water cooler], or where claimant was the victim of a coemployee's prank (*Matter of Burns v Merritt Eng. Co.,* 302 NY 131; *Matter of Piatek v Plymouth Rock Provision Co.,* 15 AD2d 405). In addition, compensation has been awarded in instances when injury resulted from horseplay prompted by personal curiosity if the deviation from employment was trifling and momentary and did not measurably detract from the work (1A Larson, Workmen's Compensation Law, § 23.66; see *Matter of Miles v Gibbs & Hill,* 250 NY 590 [employee struck torpedo found along railroad track]; *Matter of Derby v International Salt Co.,* 233 App Div 15 [dynamite cap found at the job site exploded]). Finally, injury from horseplay among employees may in certain instances be held to have arisen out of and in the course of employment when "the employee's conduct or activity, having been approved by 'long-continuing custom and practice' * * * becomes an incident of employment" (*Matter of Ognibene v Rochester Mfg. Co.,* 298 NY 85, 87, citing *Matter of Industrial Comr. v McCarthy, supra,* p 447).

Each case must be examined upon its own facts to determine the relationship of the injury to the employment (*Matter of Piatek v Plymouth Rock Provision Co., supra,* p 406). This court has recently denied compensation when the claimant precipitated horseplay which was an isolated act of foolery, not an accepted or foreseeable part of employment, and which resulted in injury (*Matter of Kotlarich v Incorporated Vil. of Greenwood Lake,* 101 AD2d 673 [policeman removing gun from holster shot

by fellow officer]). In the instant case, the employer placed signs prohibiting smoking and requiring that automobile engines be turned off. It can hardly be said that the employer condoned the throwing of a lighted match into a can of gasoline or that there was "a continuity of practice — conduct which has gained acceptance — that transforms an extra-employment caper into an incident of employment" (*Matter of Ognibene v Rochester Mfg. Co., supra,* p 87). This horseplay, although unfortunate, was "an obviously unauthorized and 'isolated incident of foolery' " (*Matter of Kotlarich v Incorporated Vil. of Greenwood Lake, supra*), and it was thus error for the Board to conclude that the injury arose out of and in the course of employment.

Decision reversed, and claim dismissed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.