OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the decision of the Workers’ Compensation Board reinstated.
Claimant was a 16-year-old youth employed as a “gas jockey” at a service station when he incurred the injuries for which he seeks compensation. During working hours one day, a fellow employee showed him that it was possible to toss a lighted match into a bucket containing a residue of oil, gasoline and grease without causing an explosion. This “trick” had previously been demonstrated to the fellow employee either by a third employee or by one of the owners of the station.
Two days later, claimant was visited at the station by a friend. During an idle period in which he was waiting for customers or a work assignment, claimant attempted to repeat the lighted match trick in order to impress his friend, but this time the residue in the bucket exploded, causing extensive burns on claimant’s body. The Workers’ Compensation Board determined that claimant’s injuries were the product of “cumulative horseplay” and were thus compensable, but the Appellate Division reversed that decision, holding that the horseplay was an isolated incident of foolery that was not related to claimant’s employment.
Injuries or deaths arising from employee horseplay are compensable under the Workers’ Compensation Law if they result from conduct which “may reasonably be regarded as an incident of the employment” (Matter of Burns v Merritt Eng. Co., 302 NY 131, 135). These commonly known risks of employment occur when employees momentarily abandon work to play, tease, test one another or satisfy their curiosity (Matter of Industrial Commr. v McCarthy, 295 NY 443, 446; Matter of Leonbruno v Champlain Silk Mills, 229 NY 470, 472; Matter of Verschleiser v Stern & Son, 229 NY 192, 199; see generally, 1A Larson, The Law of Workmen’s Compensation § 23). Here, in light of claimant’s youth (see, Matter of Leonbruno v Champlain Silk Mills, 229 NY 470, 472, supra), and the fact that the injury occurred during an idle period and resulted from curiosity about materials related to his work (see, Matter of Piatek v Plymouth Rock *618 Provision Co., 15 AD2d 405; Matter of Miles v Gibbs & Hill, 225 App Div 839, affd 250 NY 590), the Board was warranted in concluding that the incident which caused claimant’s injuries was related to his employment. Furthermore, because there was testimony that at least two other workers at the station had previously engaged in the same conduct, the Board’s determination that it was cumulative horseplay, and not an isolated incident, is supported by substantial evidence.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.