■ In the Matter of the Claim of NONA GIBBS, Respondent, v ORANGE COUNTY SHERIFF'S DEPARTMENT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed December 7, 1987, which ruled that claimant's decedent sustained an accidental injury in the course of his employment and awarded benefits.

Claimant's decedent was a newly appointed Deputy Sheriff, hired with others because of added manpower needs of his department apparently in connection with providing security during the celebrated trial of alleged members of the radical "Weather Underground" organization in Orange County for the murder of police officers and a Brinks security officer in the course of a robbery and flight therefrom (see, People v Boudin, 90 AD2d 253). On the date of his death, October 1, 1983, decedent was assigned surveillance duty on the roof top of the county jail. His relief officer on the roof was Deputy Sheriff Robert Dolson and they shared use of a shotgun and revolver. Dolson relieved decedent for a dinner break, at which time, following standard procedure, Dolson emptied the shells from the shotgun and revolver, a Smith & Wesson .357-caliber magnum, confirming that no ammunition was missing, and reloaded. Following dinner, decedent returned to the roof. Dolson, again following the procedure, emptied the weapons and handed them and the ammunition separately to decedent as he resumed duty. According to Dolson, at this point decedent said, "Let's play Russian Roulette." Decedent picked up one shell, inserted it in the chamber and "spun the revolver

and he looked at the gun, both sides, and put it to his head, and he said, 'This is how you do it'." Decedent pulled the trigger and was killed when the gun discharged.

The Workers' Compensation Board, in ruling that decedent's death arose out of and in the course of his employment, relied upon a finding that he miscalculated the action of his service revolver, as a result of his not having completed a weapons training course before being put on active duty. This was based on testimony that the officers appointed for security during the Brinks trial were put through a four-day course in weapons training, and that decedent was called to work before the last day of the course when range firing of the revolver was scheduled. The Board also referred to evidence that the chambers of different handguns revolve in different directions when the trigger is pulled.

In our view, the evidence was insufficient for the Board to have concluded that decedent's self-inflicted death occurred in the *course* of his employment, the central issue when the claimant is the instigator of an injury-causing activity deviating from his employment duties (1A Larson, Workmen's Compensation Law § 23.60). First, it was entirely speculative for the Board to have inferred that the failure of decedent to complete the one-day firing range training aspect of his weapons course was the cause of either his "miscalculation" of the location of the bullet in the chamber of his revolver or of his engaging in Russian roulette in the first place. The uncontested evidence was that the classroom training decedent received covered safety instruction and actual handling of the Smith & Wesson .357-caliber magnum and specifically addressed its counterclockwise rotation, as indicated by an arrow located on the chamber. The weapon was the only one exhibited and discussed in the class, and was passed around to the student participants. One does not need intensive experience in weapons firing to become familiar with the deadly risks of playing Russian roulette. Thus, the instant case represents an even more extreme instance than *Matter of Kotlarich v Incorporated Vil. of Greenwood Lake* (101 AD2d 673, *lv denied* 64 NY2d 603) of an injury caused by an isolated act, seriously deviating from any accepted or foreseeable part of a law enforcement officer's employment. Decedent's conduct falls well within the kind of substantial deviation from employment which is held not compensable *(see, Matter of Gaurin v Bagley & Sewall Co.,* 298 NY 511; *Matter of Kotlarich v Incorporated Vil. of Greenwood Lake, supra; see also,* 1A Larson, Workmen's Compensation Law § 23.64). In determin-

ing that the instant claim was compensable, the Board acted inconsistently with its position in *Kotlarich (see, Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 520).

Decedent well knew that the gun was not empty when he intentionally pulled the trigger. Thus, his conduct in playing the highly dangerous game of Russian roulette cannot be described as merely a common, playful prank or trifling act of foolery, which decedent could have considered harmless on the facts as he then believed them to be *(cf., Matter of Lubrano v Malinet,* 65 NY2d 616, 617; *Matter of Ognibene v Rochester Mfg. Co.,* 298 NY 85, 87; *Matter of Industrial Commr. v McCarthy,* 295 NY 443, 446; *Hall v Carnegie Inst. of Technology,* 170 Pa Super 459, 87 A2d 87). Nor can decedent's manifestly dangerous conduct be characterized as a momentary, reasonable exercise of one's curiosity during a period of idleness in employment duties *(cf., Matter of Lubrano v Malinet, supra; Matter of Aucompaugh v General Elec.,* 111 AD2d 1073, 1074; 1A Larson, Workmen's Compensation Law §§ 23.65, 23.66). Absent here also was any evidence that decedent's conduct was engaged in by other employees before this tragic event or that it had been a common practice, which might support the inference that his activity had become, in effect, an incident of his employment *(cf., Matter of Richardson v Fiedler Roofing,* 67 NY2d 246, 249; *Matter of Lubrano v Malinet, supra,* at 618; *Matter of Industrial Commr. v McCarthy, supra,* at 446).

Finally, *Matter of Burns v Merritt Eng'g Co.* (302 NY 131) and *Matter of Piatek v Plymouth Rock Provision Co.* (15 AD2d 405), relied upon by the Board, are inapposite. In each case, the claimant was the innocent victim of the dangerously deviational conduct of a coemployee. When the claimant is an innocent victim, it may be sufficient to support an award that the incident occurred "on the employer's premises, with a tempting instrumentality furnished by the employer and readily available" *(Matter of Piatek v Plymouth Rock Provision Co., supra,* at 406; *see,* 1A Larson, Workmen's Compensation Law §§ 23.10, 23.50, 23.61).

Decision reversed, with costs against the Workers' Compensation Board, and claim dismissed. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.