■ In the Matter of the Claim of FAUSTO E. MARTINEZ, Respondent, v SOUNDTOWN et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed July 6, 1989, which ruled that claimant sustained an accidental injury in the course of his employment and awarded workers' compensation benefits.

Claimant, a retail store sales clerk, was severely injured when a gun accidentally discharged and a bullet struck him in the spine. Claimant brought the unregistered revolver to the store because of his concern about recent robberies in the neighborhood. One of his duties was to stand outside at closing while the manager locked the gate and safely exited in his car. When the employer discovered claimant's possession of the gun (on the day of the accident), he told claimant not to bring the gun again because of the store's policy against resisting robberies. The accident occurred as the store was being closed for the evening when a 16-year-old stock clerk picked up the gun to place it on a shelf. The Workers' Compensation Board awarded claimant benefits upon determining that he sustained an accidental injury in the course of his employment.

In its challenge to the Board's determination, the employer contends that the accident did not arise out of and in the course of employment because possession of the weapon was

not incident to claimant's position as a sales clerk. The record shows that claimant was expected to stand by until the other employees and manager were safely on their way home. While possession of an unlicensed weapon may have been an inappropriate response, it simply involved the manner in which his duties were performed (see, Matter of Merchant v Pinkerton's, Inc., 50 NY2d 492, 497). Moreover, the risk of claimant being injured by his own handgun as the result of carelessness or foolery by a curious coemployee was a risk of employment in which the employer acquiesced (see, Matter of Lubrano v Malinet, 65 NY2d 616, 617). Placement of the weapon on the shelf does not make claimant the sole instigator or initiator of the coemployee's act (see, Matter of Industrial Commr. v McCarthy, 295 NY 443, 447) nor a participant in horseplay or dangerous activities (see, Matter of Piatek v Plymouth Rock Provision Co., 15 AD2d 405, 406), but rather an innocent victim of another's idle and careless curiosity (see, Matter of Gibbs v Orange County Sheriff's Dept., 149 AD2d 845, 847; see also, Matter of Burns v Merritt Eng'g Co., 302 NY 131, 135). We therefore conclude that the record contains substantial evidence to support the Board's determination that claimant's injuries arose out of and in the course of his employment.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.