## GEORGE T. WILLIAMS & SONS v. COFFEY et al.

Court of Appeals of Kentucky.
Oct. 12, 1951.

Rehearing Denied Dec. 14, 1951.

Howard VanAntwerp, Jr., Ashland, Eldred E. Adams, Louisa, for appellants.

William E. Fanning, Ira M. Nickell, Ashland, for appellees.

CLAY, Commissioner.

In this workmen's compensation case the mother of a deceased employee claims as a dependent under the statute. The Circuit Court confirmed the award of the Board in her favor. On this appeal two contentions are made: (1) the claim is barred because it was not made in writing to the employer within one year after the employee's death as required by KRS 342.185 and 342.190; and (2) the accident did not arise out of or in the course of employment as required by KRS 342.005.

After a careful review of the record, we find it unnecessary to pass upon the question of limitations, since in our opinion the award should have been disallowed on appellants' second ground. However, we think it appropriate to say that the failure to file *a written claim for compensation with the employer,* which is specifically required by the statute, presents a very serious question; and, as a word of caution, we may observe that simple compliance with the statute would avoid extended controversies as to whether or not the failure to do so may be excused.

The facts in the case are these: the deceased was employed by appellants as a "boss-driller." He regularly worked six days a week, ten hours a day, and was paid on an hourly basis. He was responsible for keeping drilling rigs in operation, and in case of a breakdown it was his duty to see that proper repairs were made. If necessary he could procure replacement parts, selecting his own means of transportation.

On Saturday, May 24, 1947, the deceased was working on a job near Allen, Kentucky. His home was in Catlettsburg, near Ashland, but he had a room at Allen where he stayed during the week, customarily returning to his home over the weekend. He ordinarily took a bus after the 5:30 p.m. quitting time and reached Catlettsburg about 10:00 p.m.

On this particular Saturday he had quit work early, about 4:00 p.m. The reason appears to have been the breakdown of an engine, caused by the burning out of two valves. Whether or not he continued in the course of his employment thereafter depends upon the conclusions to be drawn from the competent testimony of a fellow employee, one McKenzie. He testified: it was necessary that new valves be secured so that the rig could be operated on Monday morning. The deceased left the job and went to his rooming house in Allen. Later the witness saw him there, and at the latter's request the witness undertook to drive him to Paintsville for the purpose of catching a train. At that time the deceased had with him the burned out valves for the motor, and a time-sheet. On the way to Paintsville the witness ran out of gasoline, and they missed the train. The witness then started with the deceased for Louisa to beat the train there. It was on this part of the trip the accident occurred, resulting in the employee's death.

It further appears that on this trip cash receipts were taken by either the witness or the deceased for gasoline purchases, and it was customary for the employer to honor similar receipts if they represented expenses incurred on the employer's business. Whether or not the employer honored these particular receipts is not shown.

There was other evidence that the deceased knew where to get new valves, which were of a special type. One of the employers had some at his home. They could not be purchased at regular places of business in Ashland, and it appears

machinery supply stores there customarily closed their places of business on Saturdays not later than 5:30 p. m.

From a recitation of the above evidence the claimant's theory emerges. It is, and to sustain the award must be, that the deceased was making the trip with McKenzie for the purpose of reaching Ashland before the stores closed in order to purchase new valves, and consequently he was on his employers' business at the time of the accident. There is no substantial dispute about the facts we have recited, but we are not bound by the Board's determination, since the conclusion to be drawn from these facts is a matter of law. See Bates & Rogers Construction Company and Workmen's Compensation Board of Kentucky v. Allen, 183 Ky. 815, 210 S.W. 467, Raponi v. Consolidation Coal Company, 224 Ky. 167, 5 S.W.2d 1043, and Joseph W. Greathouse Co. v. Yenowine, 302 Ky. 159, 193 S.W.2d 758.

In view of the facts shown, the question of whether or not the employee was acting in the course of his employment when the accident occurred is entirely a matter of speculation. We may assume that he intended sometime during the weekend to procure new valves. That is about the only significant fact which McKenzie's testimony establishes. It is not enough. There must have been some substantial proof that this particular trip was being made to accomplish that immediate purpose. It seems to us the evidence points the other way.

In the first place, the deceased was making a customary trip home for the weekend. It is true he left the job early and attempted to catch a train rather than a bus, but there can be no doubt that his primary objective was to go home for a visit. In the second place, the replacement valves could not be procured at the supply stores in Ashland. Whether or not the deceased was aware of this fact, he should have known the regular stores selling such equipment customarily closed before he could possibly reach that city. In the third place, there is nothing to indicate the deceased was working on company time while he made this trip.

If we concluded the employee was in the course of his employment on this journey, it follows he would have been on his employers' business for the rest of the week-end until he procured the replacement valves and returned them to the job. It would extend the relationship beyond all bounds if we declared an employee continues in the course of his employment, under the Workmen's Compensation Act, at all times when he is going about his private affairs simply because at one time or another he expects to perform some service for the employer. The burden was upon appellees, and we think their proof only induced speculation, not conviction, that the deceased was on his employers' business. It was not sufficient in law to support the Board's conclusion.

The judgment is reversed for consistent proceedings.