**HAYES FREIGHT LINES, Inc., Appellant,**

**v.**

**James E. BURNS et al., Appellees.**

Court of Appeals of Kentucky.

May 18, 1956.

Henry O. Whitlow, Waller, Threlkeld & Whitlow, Paducah, for appellant.

Reed & Hines, Paducah, for appellees.

HOGG, Judge.

The appellant, Hayes Freight Lines, Inc., seeks to reverse a judgment against it which sustained an award for the loss of an eye, made by the Workmen's Compensation Board in favor of the appellee, James E. Burns, who was employed by the appellant as a checker and truck driver for its Paducah terminal at the time of the accident. The underlying question for determination is: Did the accident arise out of and in the course of his employment?

At the time of the accident, appellee, with other employees, was seated in the driver's room provided by appellant for the use of its employees as a waiting room and for preparing reports, trip tickets, et cetera. In this room was located the time clock used by all employees in checking in for work. On the day of the accident appellee checked in at 6:49 a. m. to commence work at 7:00 a. m. At about 7:00 a. m., or a very few minutes before, appellee was sitting on a bench or table smoking a cigarette. His hands were resting on his knees and he held the lighted cigarette in one of his hands. Demumbree, a fellow employee, was standing in front of him with his back to him, facing the door which was the entrance to the driver's room. Another employee, Allmon, came through the door and handed a firecracker to Demumbree, who turned around to face appellee and placed the fuse of the firecracker against the lighted part of appellee's cigarette. Within a few seconds after the contact was made, the fuse ignited and Demumbree threw the firecracker against the floor, whereupon it exploded causing some foreign object to fly into appellee's left eye. As a result of the injury received, appellee lost his left eye.

Appellee testified that he saw Demumbree place the firecracker fuse to his cigarette, knew Demumbree was lighting the firecracker from his cigarette, and supposed he could have prevented him from lighting it, although he did not jerk the cigarette away or tell Demumbree not to light the firecracker from it.

Appellee contends the finding of the Workmen's Compensation Board that he lost his eye while employed by appellant and that the accident arose out of and in the course of his employment is a finding of fact and is binding on the court. We cannot agree. There is no substantial dispute as to the facts relating to how the accident occurred, upon which the Board based its finding. The rule relied upon by appellee relating to the effect of a finding of fact by the Board is applicable only where there is a disputed issue of fact. If there is no issue of fact, the question on the fact becomes one of law, and the finding of the Board is a finding of law, although it might be styled a finding of fact. The Act does not preclude us from inquiring into the correctness of a finding of law made by the Board. Bates & Rogers Const. Co. v. Allen, 183 Ky. 815, 210 S.W. 467; George T. Williams and Sons, v. Coffey, Ky., 243 S.W.2d 661.

It is unquestioned that appellee was injured at his working place during working hours, and, therefore, in the course of his employment. The real question is whether the injury was sustained "by an accident arising out of" his employment. KRS 342.005. The phrase "arising out of" involves the concept of causal relationship between the employment and injury. If the injury occurred by reason of some cause having no relation to the employ-

ment, it cannot be said to arise out of the employment. Louisville & Jefferson County Air Board v. Riddle, 301 Ky. 100, 190 S.W. 2d 1009; Harlan-Wallins Coal Corp. v. Stewart, Ky., 275 S.W.2d 912; Taylor v. Taylor Tire Co., Ky., 285 S.W.2d 173.

■ As the basis for annulling the award, appellant strongly argues that the injury to the appellee is not a compensable injury because it did not arise out of his employment but was caused by horseplay. It seems to be the general rule that compensation is not recoverable under workmen's compensation acts for injuries sustained through horseplay, done independently of and unconnected with the work of employment, for the reason that such injuries could not be said to have been brought about while performing services growing out of and incidental to employment. 58 Am.Jur., Workmen's Compensation, sec. 268; 13 A.L.R. 540, Annotation. But there are certain recognized exceptions to the general rule and we shall mention two of them here because of their possible application: (1) non-participation of an injured employee in the horseplay, and (2) where horseplay was known to the employer who permitted it to continue without interference. Phil Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S.W. 152, 13 A.L.R. 524; Tyler-Couch Const. Co. v. Elmore, Ky., 264 S.W.2d 56; Schneider, Workmen's Compensation, Vol. 6, sections 1609, 1612.

■ When the facts concerning the injury are considered, the question arises: Was appellee an innocent victim of the horseplay of a fellow employee, or did he participate himself in the horseplay by stepping aside from his employment to engage in the sportive act? We feel constrained to conclude from the facts that he was not an innocent victim but was a participant. It took some time for the firecracker fuse to become lighted from the burning end of the cigarette. There can be no doubt that appellee was willing for Demumbree to light the fuse because he did not move or attempt to move the cigarette from the fuse, and did not in any way attempt to prevent the fuse from being lighted. He testified he saw the firecracker in the hand of Demumbree and knew it was a "rolled firecracker about the size of a quarter." With reference to what he saw Demumbree doing and about to do, he testified: "I saw what he was thinking. I did not jerk my cigarette away, nor did I tell him not to do that."

We fail to see any merit in appellee's contention that we should make a distinction in this case between active participation and passive participation in horseplay. It seems clear to us that appellee did participate in this particular horseplay. He assisted in lighting the firecracker and, in this instance, was a contributing cause of the firecracker being lighted.

The case of Phil Hollenbach Co. v. Hollenbach, 181 Ky. 262, 204 S.W. 152, 13 A.L.R. 524, is strongly relied upon by the appellee. In that case the employee, while getting ready to go home at the close of the day's work, was electrocuted by an electric wire which had been run as a prank by a fellow employee to a wash basin where the decedent went to wash after work. The evidence wholly failed to show that the injured employee was responsible or had anything to do with the wire being attached to the basin, or that he knew of its connection. In allowing compensation, we pointed out that the electricity was carried into the washroom for necessary light and gave major consideration to the fact that the injured employee was an innocent victim of the horseplay. See also, Tyler-Couch Const. Co. v. Elmore, Ky., 264 S.W.2d 56, and cases therein cited. Other cases relied upon and argued in the brief of appellee touching upon the subject of horseplay where employees were injured, hold to the effect that where an injured party did not engage or participate in the horseplay but was an innocent victim of the horseplay, compensation may be and should be allowed. With that rule we are in accord.

Coming now to exception No. 2, referred to above, it is mentioned in the brief that it was customary for the em-

ployees to shoot firecrackers on the premises. It was not shown specifically that any firecrackers had been exploded in the driver's room. Several employees testified that they had exploded firecrackers on the job and that they had seen other employees do the same. They estimated that they had seen firecrackers shot on occasions numbering from two to a dozen or more. There was evidence of a substantial nature that the manager himself shot firecrackers on the job on a dozen or more occasions. Although he denied having done so, he admitted he had heard firecrackers explode at the terminal. It is apparent from the record that neither he, nor any other representative of the employer, did anything to discourage the shooting of firecrackers on the job, or to warn the employees against shooting them.

■ In some jurisdictions, particularly New York, a participant may recover if the horseplay was a regular incident of the employment as distinguished from an isolated act. The question is "whether claimant's act—which resulted in his injury—was a single, isolated act or one of a series of similar incidents generally participated in, to the employer's knowledge, by employees, sufficient to regularize such conduct and stamp it as part and parcel of the employment." Ognibene v. Rochester Mfg. Co., 298 N.Y. 85, 80 N.E.2d 749, 750, noted 34 Corn.L.Q. 460; Larson, Workmen's Compensation Law, sec. 23.41. The employer's knowledge of the practice, actual or constructive, is important. Liability under the Workmen's Compensation Act is not based on the negligence of the employer in failing to stop the horseplay. The knowledge or acquiescence in the practice is material only as it sheds light upon the question of whether the injury may be said to arise out of the employment. If the employer could reasonably expect, with his knowledge of the situation, that an injury might result to an employee from the horseplay, the injury may be said to arise out of the employment. Socha v. Cudahy Packing Co., 105 Neb. 691, 181 N.W.

706, 13 A.L.R. 513; 58 Am.Jur., Workmen's Compensation, sec. 269.

■ In this case, there was sufficient evidence which would have sustained the Board had it found that the shooting of the firecrackers took place over a substantial period of time, that the manager of the Company had actual knowledge that the employees engaged in exploding firecrackers, that he had actually participated in the practice, that neither he nor the Company had taken any steps to prevent it or warned against it, and that the Company could have reasonably expected that an injury might result to an employee from such shooting. The Board made no finding whatever as to whether it was customary for the employees to shoot firecrackers on the job, but had the Board made such finding, then it would have been justified in concluding that the injury arose out of the employment. See, Annotation, 159 A.L.R. 319, at 337; Larson, Workmen's Compensation Law, sec. 23.41.

■■ We do not mean to say that the Board must find that the employer had actual knowledge or should have known that employees customarily or habitually engaged in the horseplay to such an extent that an additional risk was to be created which became incidental to the employment. However, it seems to us that this case should be remanded to the Board for determination and a finding on this question. There was some dispute as to some of the facts on the question, and the inferences to be drawn therefrom. The applicable law turns on what conclusion of facts the Board comes to. It is necessary that they make a finding of fact on the matter so that the reviewing court may know whether the law has been properly applied by the Board to the facts as found. See, Hardy Burlingham Mining Co. v. Hurt, 238 Ky. 589, 38 S.W.2d 460; Ognibene v. Rochester Mfg. Co., 298 N.Y. 85, 80 N.E.2d 749.

The judgment is reversed for proceedings consistent with this opinion.