John HALL et al., Partners Doing Business as Hall Lumber Company, Appellants,

v.

Frank SPURLOCK et al., Appellees.

Court of Appeals of Kentucky.

Dec. 5, 1957.

Rehearing Denied March 14, 1958.

Howard & Francis, J. W. Howard, Fred G. Francis, Prestonsburg, for appellant.

C. P. Stephens, Prestonsburg, for appellees.

STANLEY, Commissioner.

The judgment in this workmen's compensation case confirms an award based upon estoppel to deny coverage. The conclusion rests upon the view that it was immaterial whether the claimant, Frank Spurlock, was an independent contractor or an employee of John Hall and Bill Hall, partners doing business as Hall Lumber Company. Other than the issue suggested, we have the formidable question whether the injury was sustained in an accident arising out of and in the course of his employment. KRS 342.005(1). There is no disagreement whatever as to the facts.

The accident occurred October 4, 1955. Prior to September 13, 1954, Spurlock had been employed at the appellants' sawmill on an hourly wage. On this date Spurlock and Ezra Shortridge made a contract with the lumber company under which they undertook to operate the mill for the consideration of $10 per thousand feet of lumber sawed. Spurlock's work at the mill thereafter seems to have been substantially the same as it was before the making of the contract. His status as an employee was not changed in fact. The Halls continued to exercise supervision of the work. John Hall was there practically all the time, acting as "the boss" and "directing the men what to do and how to do it." The workmen had previously been hired by Hall.

The crew came along when the mill was moved to this site. If there was any other hiring, it was by agreement between Hall and Spurlock. The men's time was kept by the company's bookkeeper, the same as before this contract was made. They were paid by the company and the sums deducted from the contract price paid Spurlock and his partner.

The Hall brothers testified that they had regarded Spurlock and the other men working at the mill as being covered by their compensation insurance. Spurlock and the others had signed the compensation register some time before. It appears that there was never any change in the insurance coverage from that which existed before the contract, the company continuing to pay the premiums and also to pay the social security taxes. Spurlock was advised of this.

It is sometimes difficult to classify a particular relationship as either that of an independent contractor or that of an employee. There may be a twilight area in which the distinction is obscure. In this case, notwithstanding the difference between methods of compensation—hourly wages or based on production of the mill—there was but little change in the relationship. Although Spurlock under the terms of his written contract might have assumed greater, if not complete, authority and control of the operations, he did not do so. Considering that the settled course of work continued as before, the mode of paying Spurlock for his services is as consistent with the employer-employee relation as it is with an independent contractor relation. As stated by Larson, Workmen's Compensation Law, § 43.00, after referring to the general definition of "employee": "However, a recognition of the difference between compensation law and vicarious liability in the purpose and function of the employment concept has been reflected both in statutory extensions of the term 'employee' beyond the common-law concept and in a gradual broadening of the interpretation of the term to bring within compensa-

tion coverage borderline classes for whom compensation protection is appropriate and practical." But the decisive point here is that Spurlock was regarded by all of the parties as being covered by the company's compensation liability.

 We have held that liability for workmen's compensation may be based on estoppel, not only as regards mutual compliance with the provisions of the law, but as regards assurance given a workman that he was covered as an employee. We are of opinion that where the relationship partakes of both that of contract and that of employer-employee, and a workman has been assured by the other party that he was covered by the provisions of the Workmen's Compensation Law, estoppel should be decreed. It is of importance that the insurance carrier received and still has premiums for its liability to this man. In principle Smith Coal Co. v. Feltner, Ky., 260 S.W.2d 398, controls this case. We have no difficulty in concurring in the finding of the Board and the judgment confirming it insofar as the question of general coverage is concerned.

 Spurlock and the other workmen lived in shanties at the mill site. It was his custom to go home, several miles away, every Friday evening for the weekend. It was a part of Spurlock's duties to go to a wholesale grocery in Allen and buy groceries and other supplies for the men and oil for the mill for the following week. He would take them to his home, leave them in the truck, and take them to the mill when he returned to work Monday morning. Sometimes he would use the company's truck and sometimes his own truck. After the new arrangement, this settled course of conduct was continued in the same way, but the supplies were charged to a joint account of Spurlock and his partner and the Hall Lumber Company. The Company would pay the bills and deduct the amounts in their accounting with Spurlock and his partner.

On the day of the accident, a Saturday afternoon, Spurlock had obtained the week's supplies at the grocery and was taking them to his home in order to have them early Monday morning when he would be returning to the mill. On the way to his home Spurlock was severely injured when his truck, driven by his young son, ran off the road.

The appellants contend the appellee's injury was not sustained in or did not result from an accident arising out of and in the course of his employment. KRS 342.005 (1). They rely particularly upon Harlan Collieries Co. v. Shell, Ky., 239 S.W.2d 923. In that case it was held that there was no causal relation between an accident and the employment where the employee of a mining company was fatally injured on his way home when a truck owned and operated by another workman ran off a road which was part of the employer's premises. The employees were transported daily to and from work under a private arrangement with which the company had nothing to do. It is stated in the opinion that the deceased employee was not performing any duties for his employer. The distinction between that case and the present one is that this man, Spurlock, was engaged in a service that was an incident of the operation of the sawmill.

The present case is like Turner Day & Woolworth Handle Co. v. Pennington, 250 Ky. 433, 63 S.W.2d 490. An employee, one Pennington, lived in Bowling Green an worked at a sawmill located in Logan County. During the week he lived at or near the mill site. He went home every Saturday night and returned to the mill on Sunday. It was the practice of the company to have him deliver messages to its office in Bowling Green and to pay for gasoline used in his transportation in his own car. He was injured in an automobile accident while en route home. In holding the employee was entitled to workmen's compensation, the court took notice of the fact that there are exceptions to the general rule that there can be no compensation

allowed for injuries suffered by an employee off the employer's premises in going to and from work. These exceptions depend upon the nature and circumstances of the particular employment and accident. The opinion reviews a number of analogous cases from other courts and quotes from Voehl v. Indemnity Ins. Co., 288 U.S. 162, 53 S.Ct. 380, 383, 77 L.Ed. 676, a part of which quotation is worthy of repetition here, namely:

"* * * Service in extra hours or on special errands has an element of distinction which the employer may recognize by agreeing that such service shall commence when the employee leaves his home on the duty assigned to him and shall continue until his return. An agreement to that effect may be either express or be shown by the course of business. In such case the hazards of the journey may properly be regarded as hazards of the service, and hence within the purview of the Compensation Act."

We found in the Pennington case that as an inducement to Pennington to continue in its employment, the company was willing and had agreed that he might return each week to his home in Bowling Green at its expense. It was further said the fact that the company "regarded him in its service on such trips is demonstrated by the fact that it made use of him whenever it saw fit to carry messages to and from the office and the field," and that it paid his traveling expenses.

In the case at bar there was a more constant and regular service to the lumber company. It was really more distinctly connected with the operation of the sawmill than was Pennington's service to his company. The men were lodged and boarded at the mill site by the company and on this occasion Spurlock was engaged in obtaining and transporting necessary supplies to them. The service was not a casual or speculative mission for the employer as was that in George T. Williams & Sons v. Coffey, Ky., 243 S.W.2d 661.

We therefore regard Spurlock's injuries as having arisen out of his employment and sustained in the course of the employment.

It is true that the supplies were for the use of himself and the other men, who were technically working for him, and not for the lumber company. But the injury was sustained while he was performing an act for the mutual benefit of himself and the lumber company. Moreover, having found that there was a continuation of the work which Spurlock had been doing when there could have been no question of the employer-employee relationship and the only difference was in the measure of his compensation, supplemented by the conduct of the lumber company in leading him to believe that he was within the coverage, we are of the opinion that he is entitled to recover compensation.

Wherefore the judgment is affirmed.

CAMMACK and MONTGOMERY, JJ., dissent.