**UNITED STATES FIDELITY & GUARANTY CO. et al., Appellants,**

**v.**

**Sue Rhea EASLEY and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Dec. 18, 1964.

William B. Byrd, Paducah, for appellants.

B. M. Westberry, and William C. Allen, Marion, for appellees.

CLAY, Commissioner.

In this workmen's compensation case the widow of a salesman who worked for appellant Rodgers & Rodgers was awarded death benefits, and the award was confirmed on appeal to the circuit court. The principal questions raised are (1) whether the deceased was an employee or an independent contractor, and (2) whether his death arose out of and in the course of his employment. We think the answer to the second question is decisive of this controversy.

The appellant employer was a distributor of aluminum products. The deceased was engaged as a salesman on a profit-sharing basis. He had no expense allowance, regular schedule or working hours. He usually

reported into the office early in the morning to pick up the names of prospects but he had no regularly assigned office or other duties. Without reciting additional facts concerning the nature of his employment, a serious question is presented as to whether he performed his salesmanship services as an independent contractor. It is unnecessary to, and we do not, decide that question. We will assume that he was an employee.

On the day involved the deceased had been in his employer's office early in the morning (between 7:30 and 8:30 a. m.). There was no evidence indicating where he went or what he did at any time during the rest of the day. He was killed between 4:30 and 5:00 o'clock in the afternoon, while driving his automobile, at a railroad crossing approximately 45 miles from his employer's place of business. His employer, the office manager, and the deceased's wife disclaimed any knowledge of where he was going or the purpose of this trip.

The place of the accident was within the "sales area" he was authorized to cover but this area was quite extensive. The office manager testified that, for some unexplained reason, she was expecting him back in the office that evening. However, she testified that "at no time" was he supposed to be in the office before it closed, and she also testified that on that particular day she did not know "where he was going, or where he had been, or what mission he was (on)".

 The burden was on the claimant to establish that the accident causing the death arose out of and in the course of the deceased's employment. KRS 342.005; George T. Williams & Sons v. Coffey, Ky., 243 S.W.2d 661. There is a complete lack of any evidence of substance to support such a finding. Since the deceased had no regular working hours, there is no reason to infer that this trip was a business one. We do not even know that he did not engage in other business enterprises or work for others. The time of the accident

suggests that it could well have been after the deceased's daily quitting time (assuming he had been working that afternoon). Or, of course, this could have been a personal trip on a private matter.

 That this journey was in any way related to the deceased's employment is entirely speculative. We have a total failure of proof to support the finding of the Board on this issue, and consequently the award cannot be sustained. See George T. Williams & Sons v. Coffey, Ky., 243 S.W.2d 661.

The judgment is reversed with directions to remand the case to the Workmen's Compensation Board with directions to dismiss the claim of appellee Easley.