## (February 19, 1965)

In the Matter of the Claim of DELIA RODRIGUEZ, Appellant, v. PARIS QUEEN BAGS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal from a decision of the Workmen's Compensation Board disallowing a claim for death benefits. The decedent, Hereberto Rodriguez, was an employee of Paris Queens Bags, Inc. On December 23, 1960, as had been done in the past, the employer gave a Christmas party for his workers and their guests. The party was held in a vacant loft in the same building where the employer had his business. Food and hard and soft drinks were provided at the expense of the employer. The employees halted work at lunch time on the day in question and the party commenced around 2:00 P.M. About 6:00 P.M. an argument developed between decedent and one of the invitees and continued out into the corridor. Others who were present intervened and attempted to restrain the principals. Decedent either backed or fell against an elevator door that gave way and he plunged to his death. A majority of the Workmen's Compensation Board Panel found that "although the accidental death may have arisen in the course of employment, it did not arise out of the employment." There is substantial evidence to support the board's finding and we cannot, in the instant case, say that as a matter of law their conclusion was error. There is evidence that decedent began arguing with an unknown person, not an employee. The altercation continued outside the room where the party was being held and although no blows were struck, both participants were physically restrained. Testimony indicated that claimant's dispute with the outsider concerned a girl. The record reveals no evidence that the subject matter or the other combatant had any connection with claimant's employment or even with the employer's party, except that the argument

apparently originated inside the loft where the party was in progress (see *Matter of Scholtzhauer* v. *C. & L. Lunch Co.,* 233 N. Y. 12). The cases relied upon by appellant sustained awards in situations where the board had found that the accident arose out of as well as in the course of employment. It does not automatically follow that since the incident took place on or near the employment premises that it arose out of that employment (*Matter of Scholtzhauer* v. *C. & L. Lunch Co.,* supra; *Matter of Kowalek* v. *New York Cons. R. R. Co.,* 229 N. Y. 489). The board, on the facts presented, has found otherwise and their decision, supported as it is by substantial evidence, is final (Workmen's Compensation Law, § 20). Decision affirmed, without costs. Reynolds, Taylor and Hamm, JJ., concur; Herlihy, J. P., dissents in the following memorandum: Where, as here, there is a concession that the accident happened in the course of employment, there is a presumption that it arose out of employment. (*Matter of Humphrey* v. *Tietjen & Steffin Milk Co.,* 235 App. Div. 470, affd. 261 N. Y. 549.) The meager record before us does not contain substantial evidence to overcome this presumption. The board's basis for disallowance is erroneous, to wit, "The argument with a person who was not an employee, over a matter which was not connected with that employment was the cause of the accidental death". Here the employees were allowed to invite "a person who was not an employee" and while technically the argument was over "a matter which was not connected with that employment", a Christmas party sponsored by the employer is related to the employment. (*Matter of Martin* v. *C. A. Productions Co.,* 9 A D 2d 550, revd. on other grounds 8 N Y 2d 226.) Furthermore, it would appear that the argument did not cause or contribute to the death of the decedent but rather it was occasioned by his coming in contact with a defective elevator door, which was a risk incident of employment located on the employer's premises and a factor in the combination of circumstances out of which the accidental injury arose. (*Matter of Connelly* v. *Samaritan Hosp.,* 259 N. Y. 137.) This unusual factual situation is not encompassed within the ambit of the assault, horseplay or other established patterns for which legal precedents are numerous. Not necessarily controlling, but helpful in determining the necessity of remittance are the following decisions: *Matter of Leonbruno* v. *Champlain Silk Mills* (229 N. Y. 470); *Matter of Ognibene* v. *Rochester Mfg. Co.* (298 N. Y. 85); *Matter of De Angelis* v. *Garfinkel Painting Co.* (20 A D 2d 162). The decision of the board should be reversed, and the matter remitted for further consideration.