**ROY FRUEHAUF, INC., et al., Appellants,**

v.

**Robert H. FORREST et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 8, 1968.

John K. Gordinier, S. Lloyd Cardwell, Stites, Peabody & Helm, Louisville, for appellants.

Paul L. Humphrey, Louisville, for appellees.

WADDILL, Commissioner.

The crucial question presented on this appeal is whether or not the Workmen's Compensation Board erred in refusing to reduce a compensation award it made in favor of Robert Forrest when it was challenged on the ground of a change of conditions (KRS 342.125). On appeal (KRS 342.285), the Jefferson Circuit Court upheld the Board's decision and the case is now before this court (KRS 342.290).

Appellee, Robert Forrest, who was 45 years of age and a mechanic by trade, sustained injuries to his back which arose out of and in the course of his employment with the appellant, Roy Fruehauf, Inc. Both of these parties were operating under the provisons of our Workmen's Compensation Act (KRS 342.001 et seq.).

On October 1, 1965, Dr. W. C. Mitchell, an orthopedic surgeon, working with another specialist, Dr. P. T. Ross, operated on Forrest for a ruptured intervertebral disc at the L-4 interspace. The disc was removed and a spinal fusion was performed.

During his convalescence from his back surgery, Forrest suffered a stroke which was diagnosed by Dr. Ross as either a cerebral thrombosis or an infarct involving the left cerebral hemisphere. The stroke resulted in partial paralysis of Forrest's right side. The physicians who were treating Forrest were of the opinion, and the Board found, that the stroke and the resulting paralysis were wholly unrelated to Forrest's back injuries.

Upon the hearing of Forrest's claim for compensation benefits due to his back injuries, the compensability of which was conceded, the Board on October 17, 1966, entered an open-end award for total disability (KRS 342.095).

On November 5, 1966, appellant, Fruehauf, filed a motion with the Compensation Board to reopen the case (KRS 342.125) and in support thereof filed the affidavit of Dr. Mitchell which stated he had reexamined Forrest on October 24, 1966, and that this examination indicated that Forrest's total disability had ceased to exist. Forrest also moved to reopen the case and sought an award entitling him to compensation benefits for *permanent* total disability.

On the motions to reopen the case the Compensation Board heard the testimony of Forrest, Dr. Mitchell and Dr. Ross. In substance, Forrest testified he was still having pain from his back and was unable to work, while the two physicians testified that the back operation was successful, that Forrest had made an excellent recovery and that his functional impairment was from 25 to 35 per cent. We quote in part from Dr. Mitchell, which testimony was similar to that of Dr. Ross:

"* * *. The back had healed well, both on the clinical examination and with x-ray studies. The graft appeared to be solid and little or no complaints as far as the back was concerned. In other words, I felt that it was a satisfactory result. * * * had this man [Forrest] not had other complicating problems it would have been my opinion at that time that we could have released him to return to employment and probably heavy work without difficulty. * * *. I felt that he had a permanent partial impairment as regards his body of 25 to 35 percent on the basis of the disc surgery and the back fusion, and * * * this was a very favorable outcome. I did not release him for work and could not because of the problems related to the cerebral vascular accident or the stroke that complicated the picture, and which I feel were quite unrelated to the back problem."

When interrogated on cross-examination concerning whether Forrest could perform hard manual labor, Dr. Mitchell responded:

"* * *. This was a large man who, recognizing he did very heavy work, he had very little by way of educational background, he had always done hard work and felt that he would have to go back to it again. When the neurosurgeons did take the disc out we did recommend the fusion and proceeded because of these reasons, and the procedure was directed to an attempt, an honest attempt to get him in a position where he could return to heavy work. * * * this is precluded by the stroke problem, but he has gone on to good healing of his back. He no longer has symptoms or findings of the disc, and the graft looks solid. As far as the back is concerned, it is a good back. But I think prudence would indicate to any of us that any man who has had this much surgery on his back shouldn't, if it is at all possible, return to this type of work because of the obvious increased risk of either reinjury or aggravation of what was done. * * * I

felt this man had a 25 to 35 percent permanent partial impairment * * *. I would distinguish the impairment from the disability, and, yet, I cannot do this as far as this man is concerned because we will not have an opportunity to see whether he can do his job or not. * * *."

The Compensation Board in a written opinion related that Forrest was partially paralyzed from his stroke and this condition prevented his resumption of his employment. The Board found, however, that it did not "feel that Forrest has made a sufficient recovery at this point from the spinal injury alone to justify its sustaining Fruehauf's motion to reopen and make a lesser award at this state of Forrest's recovery." The Board entered an order overruling the motions to reopen the case.

Appellant contends that this is not a case where the Board's prerogative, as a fact-finding body, to accept or reject the evidence is relevant, but rather a case where the facts are not in dispute and the conclusion that is drawn by the Board is a finding of law and therefore not conclusive on appeal. Terry v. Associated Stone Co., Inc. et al., Ky., 334 S.W.2d 926; Hayes Freight Lines v. Burns, Ky., 290 S.W.2d 836. To the contrary, appellee insists that the evidence was amply sufficient to support the Board's conclusion that Forrest was totally disabled in that he could not perform his occupational duties. Deby Coal Company v. Caldwell, Ky., 383 S.W.2d 905; Leep v. Kentucky State Police et al., Ky., 366 S.W.2d 729 and E. & L. Transport Company, Inc. v. Hayes, Ky., 341 S.W.2d 240, 84 A.L.R.2d 1102.

The cases relied on by Forrest may be distinguished from the instant case on their facts. In the Deby, Hayes and Leep cases, supra, the uncontradicted evidence showed that the injured employee was unable to perform his occupational duties because of his disability. However, in the instant case it cannot reasonably be found that Forrest is presently unable to perform the duties of a mechanic due to his back injuries. While the medical evaluation of 25 to 35 percent disability relates to Forrest's functional disability, we believe the evidence in its totality, including the medical evidence and the estimates of Forrest's impairment due to his back injuries, impels a finding of something less than total disability.

Therefore, we conclude that the circuit court erred in failing to order the Board to reopen the case and to make an award to Forrest of compensation benefits provided by KRS 342.110 for partial disability.

The judgment is reversed, with directions to remand the case to the Workmen's Compensation Board for the purpose of reopening the case and to enter an award in favor of Forrest for compensation benefits provided by KRS 342.110.

All concur.