**McCRACKEN COUNTY HEALTH SPA and the St. Paul Insurance Company, Appellants,**

v.

**Michael Glenn HENSON and Kentucky Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Dec. 16, 1977.

Jonathan Freed, Boehl, Stopher, Graves & Deindoerfer, Paducah, for appellants.

Mark D. Pierce, Paducah, for appellees.

Before COOPER, HAYES and HOWERTON, JJ.

HAYES, Judge.

This is an appeal from a summary judgment entered by the McCracken Circuit Court affirming an opinion and award of the Workmen's Compensation Board.

Appellee, Michael Glenn Henson, began his employment as an instructor with the appellant, McCracken County Health Spa, on July 24, 1974. Appellant is in the business of establishing exercise programs in order to promote the physical fitness of its members. On August 6, 1974, appellee, another instructor, and a club member began to discuss karate, and the different holds that might be employed. Appellee began to demonstrate a break-away hold on a club member, when both of them slipped and fell. Appellee sustained an injury to his right knee as a result of the accident. Appellant did not offer any course or program in karate or self-defense.

The Workmen's Compensation Board found that the appellee sustained a work-related harmful change to his body which entitled him to Workmen's Compensation benefits. The McCracken Circuit Court affirmed the decision of the board.

Appellant contends that appellee was not entitled to the award since his injury was sustained through "horseplay", and therefore his injury was not "work-related" as required under the Workmen's Compensation Law.

The question presented in this case is whether or not the claimant sustained a "work-related" injury within the meaning of KRS 342.620(1).

KRS 342.620(1) provides: "(1) 'Injury' means any work related harmful change in the human organism . . ." The term "work-related" in this statute means that the injury must have arisen out of and in the course of employment, *Seventh St. Road Tobacco Warehouse v. Stillwell*, Ky., 550 S.W.2d 469 (1976).

In order for an injury to arise out of employment, there must be a causal relationship between the employment and the injury. If the injury was brought about by reason of some other cause having no relation to the claimant's employment it cannot be said to have arisen out of employment, *Hayes Freight Lines v. Burns*, Ky., 290 S.W.2d 836 (1956).

If the karate practice which resulted in appellee's injury had been shown to be one of a series of similar incidents generally participated in, to the employer's knowledge, by his employees, the Workmen's Compensation Board could find that it had become a custom of the claimant's employment. This would have made the injury arise out of employment and thus it would be work-related, *Hayes Freight Lines v. Burns, supra.*

However, the Workmen's Compensation Board failed to make a specific finding of fact on the issue of "work-relatedness".

**242**

The Board's Findings of Fact stated that the claimant, "received a work related injury to his right leg while working for defendant".

This statement by the Board is a conclusion of law and not a finding of fact. The Board made no specific findings of fact to sustain this conclusion of law. "There is nothing in the Board's opinion and award concerning this conclusion of law which can serve as the basis for meaningful appellate review of the Board's conclusion." *Harry M. Stevens Company Inc. v. Workmen's Compensation Board*, Ky.App., 553 S.W.2d 852 (1977).

Further, it was clearly erroneous for the Circuit Court, upon review of the Board's opinion and award, to make its own specific findings of fact and thereby substitute itself for the Board as the finder of fact.

"The board is the sole fact finder in compensation proceedings and the circuit court may not substitute its opinion for that of the board on the weight of the evidence." *Armco Steel Corporation v. Mullins*, Ky., 501 S.W.2d 261 (1973).

Therefore, this case is reversed with directions to the Circuit Court that it remand the case to the Workmen's Compensation Board for a finding of fact sufficient to make a determination as to whether or not the claimant sustained a work-related injury within the meaning of KRS 342.610(1) and KRS 342.620(1).

All concur.