Joseph STEVENSON and Hartford
Insurance Company,
Petitioners,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent,

and

Joseph Stevenson, Intervenor.

No. 03–AA–210.

District of Columbia Court of Appeals.

Argued Jan. 20, 2004.
Decided March 25, 2004.

Kevin J. O'Connell, with whom Theodore B. Kiviat was on the brief, for petitioners.

Robert J. Spagnoletti, Acting Corporation Counsel at the time the statement was filed, Charles L. Reischel, Deputy Corporation Counsel at the time the statement was filed, and William J. Earl, Assistant Corporation Counsel, were on the statement in lieu of brief, for respondent.

Matthew J. Peffer, for intervenor. Benjamin T. Boscolo, Greenbelt, MD, entered an appearance for intervenor.

Before SCHWELB and GLICKMAN, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

Joseph Stevenson, a self-employed T.V. cable installer and a resident of Maryland, fell off the roof of a home in the District of Columbia while installing cable and suffered injuries to his wrist and head. Stevenson filed a claim against himself and his insurer, Hartford Insurance Company, with the District of Columbia Department of Employment Services (DOES). He claimed some six months of temporary total disability benefits and related medical expenses.

The DOES administrative law judge held a hearing on Stevenson's claim. At the outset, Hartford's attorney argued that Stevenson, an independent contractor, was neither an "employee" nor an "employer" within the definitions of the District of Columbia Workers' Compensation Act, *see* D.C.Code § 36–301(9) and (10), and that Hartford had "insured him for Maryland ... benefits ... [b]ecause Maryland provides a statutory exception that says if you're a sole proprietor, you can elect in Maryland to be covered as if you were an employee. But that's a statutory Maryland exception." [1]

Thereafter, the administrative law judge heard testimony from Stevenson and a Hartford official and then found that "claimant was not engaged in the service of another ... he was an employee of his own business ... [and] *the employer/employee relationship became a non-issue in the instant case.*[2] The inquiry, therefore, must focus on whether at the time of his injury claimant had liability insurance that covered his work in the District of Columbia." (Emphasis added.) The judge went on to conclude that Stevenson "was an employee of his sole proprietorship business and his insurance policy with Hartford provided liability protection for work performed in the District of Columbia." Accordingly, the judge entered a Compensation Order on February 28, 2002.

The DOES Director reviewed and affirmed the Compensation Order, reasoning: "To allow the Carrier [Hartford] to avoid paying workers' compensation benefits to the claimant [Stevenson] would work an undue and unfair hardship upon the claimant and contravene the humanitarian purposes of the Act where doubts are resolved in favor of the injured worker." The Director, citing to *Hall v. Spurlock*, 310 S.W.2d 259 (Ky.Ct.App.1957), concluded, "[G]iven the circumstances of this case, the Carrier is estopped from denying coverage." [3]

We conclude that the Director committed reversible error. First, the Director asserted that Hartford was denying benefits to Stevenson, but the record reflects that Hartford acknowledged that Stevenson was entitled pursuant to its policy to benefits in Maryland but not in the District.[4] Second, while the Director was quite correct in noting that *doubts* must be

---

1. The Hartford policy's Information Page stated that it applied to the workers' compensation law of Maryland. Stevenson testified that he "didn't look over" his policy after he purchased it.

2. We are not persuaded that the employer/employee relationship can be so easily dismissed. Professor Larson states that "compensation law ... is a mutual arrangement between the employer and employee under which both give up and gain certain things. Since the rights to be adjusted are reciprocal rights between employer and employee, it is not only logical but mandatory to resort to the agreement between them to discover their relationship. To thrust upon a worker an employee status to which he has never consented ... might well deprive him of valuable rights under the compensation act, notably the right to sue his own employer for com-mon-law damages." LARSON, THE LAW OF WORKMEN'S COMPENSATION § 47.10, at 8–146 to 8–148 (1973).

3. We note that in *Spurlock*, the Kentucky Court of Appeals stated, 310 S.W.2d at 261, "[T]he decisive point here is that Spurlock was regarded by all of the parties as being covered by the company's compensation liability." In the instant appeal, the parties agree that Stevenson is covered by Hartford's policy but disagree as to the jurisdiction of DOES given Stevenson's status as a self-employed contractor.

4. Indeed, Stevenson testified that he had received benefits from Hartford after his injury in the amount of $ 1,200 every two weeks, and that Hartford paid $6,500 for his medical bills.

resolved in the worker's favor given "the humanitarian purposes of the [Workers' Compensation] Act," this did not permit the Director to favor an injured worker by entertaining his claim when he concededly does not meet the Act's definition of an "employee." Finally, and most importantly, DOES does not have jurisdiction to enforce contracts; rather, the applicable statute charges it with the responsibility of applying the worker's compensation law of the District of Columbia which, unlike the Maryland statute, does not allow a sole proprietor to be covered as though he were an employee.

Accordingly, we are persuaded under the particular circumstances here that the Director's decision was plainly wrong and inconsistent with the applicable statute. *National Geographic Soc'y v. District of Columbia Dep't of Employment Servs.*, 721 A.2d 618, 620 (D.C.1998). Therefore, the Director's decision must be reversed and the case remanded for appropriate disposition.

*So ordered.*