■ In the Matter of the Claim of JAMES JOHNSON, Respondent, against LOEW'S, INC. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board. Claimant, 17 years of age and employed as a messenger, was injured when struck in the eye by a metal paper clip which he was attempting to shoot out of a window by means of a rubber band. Appellants contend that the accident did not arise out of or in the course of the employment. About two hours before the accident claimant and other employees of about his age had been shooting clips from rubber bands aiming them at pipes outside the window. The paper clip which caused his later injury had remained in claimant's pocket and he said he " decided to shoot it off to get rid of it." The factual situation seems to us closely analogous to those in the horseplay cases in which awards have been sustained on the ground that momentary indulgence in some diversion may be expected of " boys and young men full of life and health " and may become " part and parcel, an incident, of the employment ", so that resultant risks are those of the employment. (*Matter of Industrial Comr. [Siguin]* v. *McCarthy*, 295 N. Y. 443, 446.) There must be a showing of knowledge by the employer of the custom or practice as " it is continuity of practice — conduct which has gained acceptance — that transforms an extra-employment caper into an incident of employment." (*Matter of Ognibene* v. *Rochester Mfg. Co.*, 298 N. Y. 85, 87.) In this employment, some considerable latitude and freedom of movement were customarily allowed claimant and the other messenger boys as they returned to their bench from errands, doubtless in recognition of their youth and restlessness and perhaps in view of the fact that the job involved a certain amount of idleness and at least an occasional " slow day ", as was the day of claimant's injury. The shooting of paper clips two hours earlier on that day occurred in the corridor outside the room where the boys' supervisor sat and in which the messengers' bench was located. The paper clips and rubber band were taken from the supervisor's desk where they were customarily kept. Knowledge on the part of the employer might properly be inferred from the circumstances and from the testimony of the supervisor. The latter, asked whether she did " condone or allow " the breaking and shooting of paper clips, said, "Oh, no, under no circumstances. That is one of my strictest rules with the boys. It is too dangerous a pastime to permit that. Even if I see them on the floors I ask them to pick them up. I am afraid they are going to slip." Despite the inference that this pastime was indulged in with the employer's knowledge, there was no evidence of an express rule made known to the boys and the board found that claimant's acts violated none. The legal result seems to us no different because claimant was alone and was injured by his own act. The underlying factors of youth, restlessness and occasional enforced idleness incidental to the job were the same when claimant propelled the last clip as when he engaged with others in the same pastime, of which the final incident was a natural result. Further, claimant's act seems not greatly different from the " sportive act " which gave rise to a compensable injury when a claimant struck with a hammer a torpedo on the railroad track along which he was walking (*Matter of Miles* v. *Gibbs & Hill*, 225 App. Div.

839, affd. 250 N. Y. 590). Finally, the act and the instrument which conjoined to cause the injury bear a somewhat closer relation to the employment than those in the ordinary case involving horseplay only; and it is argued that had claimant been injured while attempting with his thumb or finger to flip the broken clip into a wastebasket his right to an award would not be seriously disputed. We need not explore that approach but we do consider relevant to the issue the fact that the injury arose from the use of office supplies readily available to the messenger boys. In this respect the case is not unlike that in which a fatal injury followed horseplay with revolvers kept in the unlocked drawer of a receptionist's desk. (*Matter of Lang* v. *Franklin Ry. Supply Co.,* 272 App. Div. 988, motion for leave to appeal denied 297 N. Y. 1036) and an award was sustained without any indication that the boys' "playing around" with the revolvers was an incident of a continued practice known to the employer, such as the *Ognibene* case (*supra*) held essential to an award in a somewhat different factual situation. Appellants contend that the board's findings do not support the theory upon which it seeks to sustain the award on appeal. The findings seem to us sufficient, particularly when read with the majority and dissenting memoranda of the board panel. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan and Gibson, JJ., concur; Herlihy and Reynolds, JJ., dissent, upon the ground there was no substantial evidence that there was an industrial accident arising out of and in the course of the employment.